357 So.2d 430 (1978)
Dale WHITTEN et al., Appellants,
v.
MIAMI-DADE WATER & SEWER AUTHORITY et al., Appellees.
Nos. 77-343, 77-484.
District Court of Appeal of Florida, Third District.
March 28, 1978.
Rehearing Denied May 2, 1978.
*431 Horton, Perse & Ginsberg, Miami, Bernard H. Butts, Jr., Hialeah, for appellants.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellees.
Before HENDRY, HUBBART and KEHOE, JJ.
HENDRY, Judge.
This consolidated appeal is taken from a summary final judgment and amended summary final judgment rendered in favor of appellees/defendants and against appellants/plaintiffs in a personal injury action.
Appellants, six in number, consisting of two members of the Hialeah Police Department and four members of the Hialeah Fire Department, responded to an emergency call by proceeding to a water plant located in Hialeah and operated and controlled by appellee Miami-Dade Water & Sewer Authority. Upon arrival, appellants discovered a heavy chlorine gas fog enveloping the area. Upon the realization of the dangerous condition, appellants went about their primary duties, i.e. the evacuation of occupants from nearby apartments and the diverting of traffic away from the area. Once the safety of the local populace had been effectuated, appellants' concern was directed to the task of finding the source of the escaping gas and stopping the leak. While the others remained outside, appellant Carlton entered the premises and, after some time, discovered the source of the leak, a corroded pipe, and rectified the situation. In fulfilling their duties, however, appellants allegedly suffered chlorine gas poisoning.
Subsequently, appellants filed a personal injury lawsuit against Miami-Dade Water & Sewer Authority alleging, inter alia, negligence on the part of appellee in the maintenance and care of its plumbing system at the plant. Appellants claimed that by virtue of the aforementioned negligence, appellees were strictly liable to appellants, as the chlorine gas is an inherently dangerous substance.
After discovery, both appellants and appellees moved for summary final judgment. Appellants' motions were denied, while appellees' motion was granted. An amended summary final judgment was later rendered. From the summary final judgment and amended summary final judgment, this consolidated appeal has been taken.
Appellants have raised two points on appeal. Point number one challenges the correctness of the trial court's entrance of summary final judgment, while point number two raises the contention that the trial court erred in denying appellants' motions for summary judgment on the issue of appellees' strict liability for the damages sustained by appellants.
For the following reasons, it is our opinion that no error has been committed.
It is well settled that Florida is among the majority of states that hold that an owner or occupant of premises is not liable to a policeman or fireman for injuries sustained on the premises by virtue of a negligently created condition which necessitated the policeman's or fireman's presence on the premise in discharge of his duty. *432 Romedy v. Johnston, 193 So.2d 487 (Fla. 1st DCA 1967); Anno: "Duty and Liability of Owner or Occupant of Premises to Fireman or Policeman Coming Thereon in Discharge of his Duty," 86 A.L.R.2d 1205 (1962). Once upon the premises, the fireman or policeman has a legal status of a licensee and the sole duty owed him by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant to be dangerous, if such danger is not open to ordinary observation by the licensee. Adair v. Island Club, 225 So.2d 541 (Fla. 2d DCA 1969).
There would seem little doubt that appellant Carlton, upon entering the premises in an attempt to discharge his duties, was fully cognizant of the observable danger and thus, fits squarely within the well-established law as set forth above. Counsel for appellants, however, attempts to distinguish the above cited cases on the grounds that the decisions rendered there were solely predicated upon the fact that the police officer and fireman possessed licensee status. Sub judice, appellants contend that because five out of the six appellants never actually entered the plant, they could not be classified as licensees. Rather, appellants, argue, appellees were strictly liable to appellants (as they would likewise be strictly liable to the general public) for the injuries sustained, by virtue of appellees' negligent maintenance and handling of an inherently dangerous substance.
The issue we are faced with, then, is whether the same duty owed by the owner or occupant of premises to a policeman or fireman who is injured upon the premises while in the discharge of his professional duties likewise applies to a policeman or fireman whose injuries stem from the same discharge of professional duties but do not actually occur on the premises. We answer the question in the affirmative.
Faced with a similar issue, a California court, in the case of Scott v. E.L. Yeager Construction Co., 12 Cal. App.3d 1190, 91 Cal. Rptr. 232 (Cal. 4th DCA 1970), held that, pursuant to the so-called "fireman's rule," a negligent defendant who creates an apparent risk which is of the type usually dealt with by firemen and which is the cause of the fireman's presence and the source of his injury will not be liable to the fireman, notwithstanding the fact that the injury did not occur on the defendant's property. The applicability of the rule, as opined by the court, should be based upon whether the negligently created risk which resulted in the fireman's injury was the reason for his being at the scene in his professional capacity. Supra at 235.
While decisions in Florida admittedly rely upon an invitee vs. licensee distinction, Hall v. Holton, 330 So.2d 81 (Fla. 2d DCA 1976); Adair v. Island Club, supra; Romedy v. Johnston, supra, rather than the "fireman's rule," it is our opinion that the rationale of the latter is particularly applicable to the facts of this case. Sub judice, all appellants were present at the plant and in the performance of their professional duties when they were allegedly injured by the noxious fumes. To say that appellant Carlton is barred from recovery (as a licensee) by virtue of his having the misfortune of actually entering the premises, while his comrades, who stationed themselves adjacent to the property, are permitted to maintain a cause of action under either a negligence theory or strict liability, would not only defy logic, as well as common sense, but would create an inequitable result.
In conclusion, we hold that appellants are barred from recovery against appellees. Our holding, at least as far as the five appellees are concerned, is not based upon an invitee-licensee distinction, but rather upon an affirmative response to the query of whether appellants were acting in discharge of their professional duties when they were allegedly injured. As succinctly stated in Romedy v. Johnston,
"It is a matter of common knowledge that in the performance of their duties firemen are constantly exposed to dangerous and hazardous conditions. They face the risk of injury from exposure to fire, smoke, and collapsing structures. These are risks assumed by those voluntarily *433 seeking and accepting this type of employment. The injurious effect of coming in contact with fire and smoke is exactly the same, whether the fire originates as the result of an accident or the negligent acts of the owner of the premises. It is in recognition of the public nature of the duties performed by firemen, and the dangers inherent therein, that both state and municipal pension funds are established to compensate them in the event they suffer injury or death while acting in the course of their employment." Supra at 491.
Of course, for all practical purposes, the "licensee" concept is no different from the "discharge of duty" concept, with the one exception being that the latter has a more widespread application, as the facts sub judice disclose. We therefore find no reason to abandon the cases cited herein which utilizes the "invitee-licensee" distinction in ascertaining the applicable standard of care owed by a landowner or occupant to a police officer or fireman who enters upon premises in the discharge of his duty and is injured thereon. Additionally, we point out that upon either theory, wilful conduct or wanton negligence on the part of the owner or occupant of the premises will be held actionable. Scott v. E.L. Yeager Construction Co., supra, 91 Cal. Rptr. at 238; Adair v. Island Club, supra. Sub judice, the record does not reflect that appellees' conduct amounted to anything more than simple negligence.
Accordingly, after carefully reviewing the record and briefs, it is our opinion that the summary final judgments appealed from must be affirmed.
Affirmed.