NATHAN, Judge.
By this appeal, appellants urge that the trial court erred in entering judgment in accordance with a settlement incorporated into the record, asserting that the requirements of Florida Rule of Civil Procedure 1.030(d) were not met and that there existed no valid settlement agreement which could have been recorded. We disagree. Both the law and the record support the correctness of the judgment as entered, and we affirm the order of the trial court.
The action giving rise to the events pertinent to this appeal was a products liability suit against multiple defendants brought by appellees herein, plaintiffs below, David and Sylvia Braun and Allied Leisure Industries, Inc., each acting individually and for the use and benefit of Aetna Insurance Company, their fire insurance carrier. Plaintiffs sought compensation for substantial property damages which resulted from the spread of a fire throughout the Allied Leisure manufacturing facility when defective fire doors failed to close.
Suit was brought against Crawford Door Sales Company (Crawford), which sold and installed the doors, Highlands Insurance *435 Company, Crawford’s primary insurer,[1] Cel-otex Corporation, which designed and manufactured the doors, and Aetna Casualty and Surety Company (Aetna Casualty), Cel-otex’s insurer. A jury verdict was rendered in favor of Celotex and Aetna Casualty, and against Crawford and its insurers.
Only Crawford and its excess carrier, American Home Assurance Company (American Home) are appellants herein. Although American Home was not a party defendant in the original action, it is an appellant here because final judgment was entered against it in accordance with the settlement to be discussed, infra. Initially, the interests of American Home were informally represented by James A. Smith, counsel for Crawford and its primary insurer. But prior to the conclusion of the trial, American Home retained independent counsel, Michael Sikes. Plaintiffs Braun and Allied Leisure were represented by James D. Little. Plaintiff Aetna Insurance was represented by Ben Weaver.
On the evening before the last day of trial, Mr. Sikes contacted Messrs. Little and Weaver, and later Mr. Smith, in an effort to reach a settlement. His client, American Home, feared the possibility of an excess judgment and sought to confine its liability in the event of an adverse verdict to the limits of its policy coverage. Mr. Sikes endeavored to convince Messrs. Little and Weaver to agree to a settlement with Crawford in the amount of $1,100,000, the combined limits of Crawford’s primary and excess liability coverage. However, Little and Weaver would not agree to a total settlement with all defendants of less than $2,200,000, and so informed Mr. Sikes. They did not reject the settlement offer from defendants Crawford and Highlands, but neither did they accept it at this juncture.
Mr. Sikes then authorized Mr. Smith to place the offer of $1,100,000 in the record on behalf of defendant Crawford and its insurers, and departed for the weekend, before trial resumed. Mr. Smith did place the offer on the record the following morning, out of the presence of the jury. Neither Mr. Sikes nor any representative of American Home was in the courtroom at the time, but it is undisputed that Mr. Smith acted as authorized by Mr. Sikes when he stated:
Your Honor, for the record, I would like to answer that, after all the testimony has been concluded and my client has evaluated this situation in the form of damages that may be awarded in this case, I answer to everybody that our clients, and not my particular client, but the primary and excess carrier, that the total and final offer we would make would be $1,100,000.
Counsel for plaintiffs did not accept the offer at that time.
After the jury retired for deliberation, Messrs. Little and Weaver told Mr. Smith that they would accept the $1,100,000. Because he was uncertain of whether he could accept the offer once the jury had so retired, Mr. Smith indicated that he thought they should confirm the acceptance with Mr. Sikes. (They did so later that day by sending him a telegram.) After this conversation, Mr: Smith voluntarily left the courtroom, and Mr. Little, in the presence of the trial judge, the court reporter, Mr. Weaver and counsel for Celotex and its insurer, accepted the $1,100,000 offer. The acceptance was entered in the record.
The jury returned several hours later with a verdict. It found against Crawford and its insurers in the amount of $400,000, and found Celotex not guilty. The verdict was entered on the record.
When American Home informed plaintiffs’ counsel that it took the position that there had been no settlement, plaintiffs moved for judgment in accordance with the settlement. The court promptly conducted a hearing at which the transcript was reviewed and testimony taken from the respective attorneys, whereupon the trial court entered a final judgment in the *436 amount of $1,100,000 plus interest, “pursuant to the settlement.”
The trial court stated:
I was the trial judge in this case, and I heard the tenor of the case, and I listened to the conversations between the attorneys both off the record and on the record, and there is no doubt in my mind that this was a settlement for $1,100,000 while the jury was out, and I know and so rule that the figure to be derived from Mr. Smith’s client and his excess carrier, Mr. Sikes, was a settlement figure of $1,100,000.
I will enter an order today confirming that settlement.
Conversely, if the jury had come back with a verdict of $4,000,000 against Mr. Smith and Mr. Sikes, I would have confirmed the judgment for $1,100,000, on the other side of the coin.
Appellants first assert that since Mr. Smith was uncertain of his authority to settle once the jury retired to deliberate its verdict, and that since both sides were not present in the courtroom at the time appel-lees accepted the offer, no “agreement” between the parties was before the court. They contend that the requirements of Florida Rule of Civil Procedure 1.030(d) were not met.
The rule states:
(d) Stipulations. No private agreement or consent between parties or their attorneys shall be of any force unless the evidence thereof is in writing, subscribed by the party or his attorney against whom it is alleged; provided that parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings and agreements made at depositions which are incorporated in the transcript thereof need not be signed when signing thereof is waived. (Emphasis supplied).
Examination of the record and of the authorities cited to us offers no support for appellants’ position. Mr. Smith was specifically authorized to place the offer on the record, and voluntarily withdrew from the courtroom when plaintiffs’ counsel informed him that they were accepting the offer. The acceptance was immediately placed in the record. At the hearing conducted prior to the trial court’s ruling on appellees’ motion for judgment in accordance with the settlement, Mr. Sikes affirmed the fact that he had never withdrawn the offer nor set a time limit for its acceptance.
We hold that the parties’ parol agreement was properly before the court and promptly made a part of the record in full compliance with the mandate of Rule 1.030(d). See Ryder v. MacKenzie, 235 So.2d 36 (Fla.3d DCA 1970). But cf. Arnold v. Arnold, 292 So.2d 384 (Fla.3d DCA 1974) and O’Neal v. McElhiney, 172 So.2d 492 (1st DCA 1965) (agreement not before the court or promptly incorporated in the record).
Appellants’ next argument, that under ordinary contract principles there was no settlement agreement, is premised on three assertions: (1) lack of consideration; (2) termination of the offer when trial proceeded; and (3) rejection through counter-offer. These assertions are refuted by facts contained in the record.
As to consideration, plaintiffs’ forbearance to accept the jury verdict and defendants’ desire to preclude an excessive verdict constitute mutual detriments sufficient to support legal consideration. Appellants’ argument that the offer to settle terminated when plaintiffs completed the trial without having accepted the offer is refuted by the record. The contention that plaintiffs’ statements that they would agree to a total settlement of $2,200,000 constituted a counter-offer which operated as a rejection of the first offer is also refuted by the record. It is clear that this was a negotiating point which related to a settlement between plaintiffs and all the defendants, not to the offer to settle between Crawford and the plaintiffs.
The record reflects that appellants’ offer was a continuing offer, there was no rejection by counter-offer, the offer was accepted in the courtroom before the jury *437 rendered its verdict, the acceptance was promptly made a part of the record, and the entire situation was reviewed by the trial court at a hearing devoted to a consideration of just these issues. The decision of the trial court is affirmed.
Affirmed.

. The limits of Highlands’ policy were $100,-000. Highlands was content to bear the burden of recovery against it for this sum, and did not join in this appeal. This insurer is a nominal appellee herein.