368 So.2d 609 (1979)
Tobie WILSON, Appellant,
v.
FLORIDA PROCESSING COMPANY, a Florida Corporation, Appellee.
No. 78-1063.
District Court of Appeal of Florida, Third District.
March 6, 1979.
Rehearing Denied April 4, 1979.
*610 Stephen Lubow, Miami, for appellant.
Corlett, Merritt, Killian & Sikes and Linda Loomis Shelley, Miami, for appellee.
Before HENDRY and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
SCHWARTZ, Judge.
Tobie Wilson, who was the plaintiff in a personal injury action below, seeks review of a judgment for the defendant entered pursuant to a directed verdict granted at the conclusion of all the evidence in a jury trial. We affirm.
At the time of the incident involved in this case, Wilson was the chief of police of the Town of Medley, Florida. He alleged that the defendant-appellee, Florida Processing Company, had negligently maintained its plant, which was located outside the Medley town limits, so as to cause a cloud of dangerous chlorine gas to escape into the town itself. Wilson was injured when he inhaled quantities of the gas while attempting to evacuate residents of his town from the affected area.
The result in this case is controlled by our very recent decision in Whitten v. Miami-Dade Water & Sewer Authority, 357 So.2d 430 (Fla. 3d DCA 1978). In a strikingly similar factual situation, the court held that firemen and policemen who had been injured by the inhalation of chlorine gas could recover only upon a showing of wanton and willful misconduct, even though the injuries did not occur on the defendant's premises. At 357 So.2d 432, we held:
"Once upon the premises, the fireman or policeman has a legal status of a licensee and the sole duty owed him by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant to be dangerous, if such danger is not open to ordinary observation by the licensee.
* * * * * *
"Sub judice, appellants contend that because five out of the six appellants never actually entered the plant, they could not be classified as licensees. Rather, appellants, argue, appellees were strictly liable to appellants (as they would likewise be strictly liable to the general public) for the injuries sustained, by virtue of appellees' negligent maintenance and handling of an inherently dangerous substance.
The issue we are faced with, then, is whether the same duty owed by the owner or occupant of premises to a policeman or fireman who is injured upon the premises while in the discharge of his professional duties likewise applies to a policeman or fireman whose injuries stem from the same discharge of professional duties but do not actually occur on the premises. We answer the question in the affirmative." [emphasis supplied]
Since, as in Whitten, at 357 So.2d 433, we likewise find no evidence that the defendant in this case was guilty of willful or wanton misconduct as opposed to mere simple negligence, that decision plainly requires affirmance.
The plaintiff argues, however, that a jury issue was presented as to whether, at the time of the accident, he was acting "beyond the scope of his normal duties as a policeman," and thus entitled to *611 recovery under the "rescue doctrine" as applied in Ryder Truck Rental, Inc. v. Korte, 357 So.2d 228, 231 (Fla. 4th DCA 1978).[1] We do not agree. It is perfectly obvious that the evacuation of endangered citizens such as that undertaken by Wilson forms a part of precisely what policemen are hired to do and falls directly under the ordinary course of the duties of that occupation. Again, Whitten is determinative. At 357 So.2d 431, it was said:
"Upon arrival, appellants discovered a heavy chlorine gas fog enveloping the area. Upon the realization of the dangerous condition, appellants went about their primary duties, i.e. the evacuation of occupants from nearby apartments and the diverting of traffic away from the area." [emphasis supplied]
Accord: Adair v. The Island Club, 225 So.2d 541 (Fla. 2d DCA 1969). Indeed, the plaintiff himself admitted below that this was true.[2] His third amended complaint, upon which the case went to trial, alleged
"9. On or about July 10, 1972, the Plaintiff, while performing his duties as chief of police of the Town of Medley, was advised of the dangerous condition to which the residents of the Town of Medley had become exposed to as the result of the leaking of chlorine gas from the premises occupied by this Defendant at its place of business, and, as part of the performance of his duties, proceeded to evacuate the occupants of the surrounding area. [emphasis supplied]
10. While evacuating said occupants of the surrounding area, the Plaintiff was caused to inhale quantities of the said chlorine gas ..."
Even were the issue not otherwise so clear, we would not permit such an obvious appellate change of position to prevail. Roe v. Henderson, 139 Fla. 386, 190 So. 618 (1939); Brant v. Mathn, 172 So.2d 902 (Fla. 3d DCA 1965), cert. denied, 177 So.2d 480 (Fla. 1965).
Affirmed.
NOTES
[1] Such a finding would also presumably take the plaintiff out from under the doctrine of the Whitten case, which applies to injuries which "stem from the ... discharge of professional duties ..." 357 So.2d 432.
[2] It is perhaps not insignificant that both the Korte and the Whitten cases were decided while this one was on appeal.