436 So.2d 1116 (1983)
Juanita PRICE, As Personal Representative of the Estate of William L. Price, Deceased, Appellant,
v.
Joseph MORGAN, d/b/a Seminole Pet Supply and Shelby Mutual Insurance Company of Shelby, Ohio, a Foreign Insurance Corporation, Appellees.
No. 82-393.
District Court of Appeal of Florida, Fifth District.
September 8, 1983.
*1118 James C. Fisher, Altamonte Springs, for appellant.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for appellees.
ORFINGER, Chief Judge.
The issue on appeal is whether the appellant's fourth amended complaint stated a cause of action in its claim for damages arising from the death of appellant's decedent, a fireman, resulting from injuries incurred while attempting to extinguish a fire. We affirm.
To put the issues in proper perspective, a brief review of the allegations of the fourth amended complaint (the complaint) is necessary. It alleges that defendant Morgan is the owner of Seminole Pet Supply in Sanford, Florida, and was insured by defendant Shelby Mutual Insurance Company (Shelby). On August 1, 1979, a fire broke out at Seminole Pet Supply. Responding to the fire as an off-duty fireman along with other on-duty firemen, decedent William Price was fighting the fire from outside of the premises, not aware of certain combustible materials inside the store. While so engaged, Price was killed when a wall exploded and collapsed.
In the first count of the complaint, it was alleged that (a) Morgan or his agents maintained the store with wanton negligence by allowing numerous flammable and combustible substances on the premises, presenting a serious fire hazard; (b) that the defendant or his agents failed to adequately inspect the store to determine if the substances presented a fire hazard; (c) that the defendant or his agents failed to adequately warn the decedent of the danger presented by the flammable substances kept in his store; (d) that the defendant or his agents failed to secure the premises to prevent unknown persons from entering and starting a fire; and (e) that the defendant or his agents, with wanton negligence, started the fire in the Seminole Pet Supply "as herein alleged." The complaint alleged further that Morgan had violated his duty to Price, even as a licensee, by such wilful and wanton negligence, proximately causing his death.
Count II of the complaint alleges essentially the same facts, but alleges that in responding to the fire, Price was an invitee, thus owed the duty of reasonable care, and that defendant was negligent in the doing of those acts referred to in Count I, thus causing decedent's injury and death.
Appellant argues that the trial court erred in dismissing the fourth amended complaint without further leave to amend, although she could not advise the trial court, when asked, what further amendment could be made, nor are we so advised. Appellant further argues that in any event, the last complaint states a cause of action.
The principal issue in any negligence action is whether the injury resulted from defendant's violation of a legal duty *1119 owed to the plaintiff. The threshold question, therefore, is whether the defendant had a legal duty to the plaintiff and, if so, the extent of that duty. Navajo Circle, Inc. v. Development Concepts Corp., 373 So.2d 689 (Fla. 2d DCA 1979). If no legal duty is abrogated, there can be no cause of action for negligence. Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978).
We first observe that although it is alleged that decedent was an off-duty fireman, it is also alleged that he responded to the fire along with other on-duty firemen, and was injured while discharging his duty outside of the premises when a wall exploded and collapsed. In this regard, his status was the same as that of an on-duty fireman so long as he was discharging his duty as a fireman in attempting to extinguish the fire. See Nastasio v. Cinnamon, 295 S.W.2d 117 (Mo. 1956). What then is the legal status of a fireman when he is on or outside of the premises and is fighting a fire to which he has responded?
In an early case, the Florida supreme court held, albeit in dictum, that firemen and policemen while on premises in the fulfillment of their duties as such, are licensees, to whom the property owner has only the duty to refrain from wilful or wanton injury. Fred Howland, Inc. v. Morris, 143 Fla. 189, 196 So. 472 (1940).
In Romedy v. Johnston, 193 So.2d 487 (Fla. 1st DCA 1967), the First District Court of Appeal, while recognizing the language in Fred Howland as dictum, nevertheless agreed that a fireman upon the premises for the purpose of extinguishing a fire is a licensee, and the duty of the owner is to refrain from wilfully and wantonly injuring him. While not clearly stated, it can only be concluded from Romedy that this duty towards the licensee arises when the fireman comes on the premises in response to the fire call, as liability does not arise due to the negligent acts of the owner in creating or maintaining a condition on his premises which contributes to the cause of the fire and which necessitates the presence of the fireman on the premises. Id. at 490.
In Adair v. The Island Club, 225 So.2d 541 (Fla. 2d DCA 1969), the Second District Court of Appeal applied the same rule to a case where a policeman was injured by inhalation of noxious gas when he was attempting to remove a leaking gas tank from the premises. Citing Romedy, the court held the policeman to be a licensee while discharging his duties, and that
"It is an established rule of law in this jurisdiction that the owner of premises owes to a licensee the duty to refrain from wanton negligence or willful misconduct which would injure the licensee. It is also held that if the owner has knowledge of pitfalls, booby traps, latent hazards, or other similar dangers, then a failure to warn such licensee could under proper circumstances amount to wanton negligence, but there must be knowledge of the danger by the owner combined with knowledge that the licensee is about to be confronted with the danger."
225 So.2d at 543-544. Finding insufficient allegations to show a breach of this duty, the court sustained the dismissal of the complaint for failure to state a cause of action.
In Hall v. Holton, 330 So.2d 81 (Fla. 2d DCA 1976), the Second District Court of Appeal followed its holding in Adair, disagreeing with the argument that the intervening case of Wood v. Camp, 284 So.2d 691 (Fla. 1973), had the effect of elevating the status of the policeman involved there to that of invitee. Alluding to the classifications announced in Wood v. Camp, the court concluded that the policeman in question, when entering a boarded-up building for the purpose of investigating the presence of vagrant trespassers, was an uninvited licensee to whom the owner owed the duty to refrain from wanton negligence or wilful misconduct which would injure him, to refrain from intentionally exposing him to danger, and to warn him of a latent defect or condition known to the landowner to be dangerous when such danger is not open to ordinary observation by the licensee. Before the duty to warn of a hidden danger arises, however, the presence of the licensee on the premises must be known or reasonably *1120 expected by the owner. Hall at 83. Finding that the facts could be susceptible of the inference that the landowner could have anticipated the presence of the police, thus raising a duty to warn, the Hall court found a jury issue presented.
In Whitten v. Miami-Dade Water & Sewer Authority, 357 So.2d 430 (Fla. 3d DCA 1978), in a factual situation somewhat similar to that here, the Third District Court of Appeal, apparently for the first time in Florida, followed the so-called "fireman's rule" and applied it to bar recovery to firemen who were injured while outside the premises where they had responded to the emergency. Two policemen and four firemen had responded to an emergency call at appellee's water plant, and discovered a heavy chlorine gas fog enveloping the area. After evacuating the nearby residents, one of the appellants entered the premises and eventually discovered and corrected the gas leak. In fulfilling their duties, however, all of the policemen and firemen were injured as a result of inhaling the chlorine gas. Contending that appellee was strictly liable because of the dangerous quality of the gas, appellants sought damages and appealed an adverse summary judgment.
The district court affirmed on two grounds. As to the appellant who had actually entered the premises, it applied the rule that an owner or occupant of premises is not liable to a policeman or fireman for injuries sustained on the premises by virtue of a negligently created condition which necessitated the policeman's or fireman's presence on the premises in the discharge of his (or her) duties, and that
Once upon the premises, the fireman or policeman has a legal status of a licensee and the sole duty owed him by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant to be dangerous, if such danger is not open to ordinary observation by the licensee.
357 So.2d at 432.
In response to the argument that the five appellants who never entered the premises could not be licensees and were thus entitled to recover, the court held that it would create an anomaly in the law if those who had not entered the premises could recover while the one who had entered could not, and therefore applied the "fireman's rule" to hold that a negligent defendant who creates an apparent risk which is of the type usually dealt with by firemen and which is the cause of the fireman's presence and the source of his injury will not be liable to the fireman, notwithstanding the fact that the injury did not occur on the defendant's property. See Scott v. E.L. Yeager Construction Co., 12 Cal. App.3d 1190, 91 Cal. Rptr. 232 (Cal. 4th DCA 1970).
In Wilson v. Florida Processing Company, 368 So.2d 609 (Fla. 3d DCA 1979), the Third District Court of Appeal followed its earlier holding in Whitten, finding that a policeman could not recover from a property owner who it was claimed had negligently permitted the escape of chlorine gas from its premises. In that case, Wilson, the chief of police of the Town of Medley, was injured when he inhaled quantities of the gas while attempting to evacuate residents of his town from the area affected by the escaping gas. Applying the "fireman's rule" as espoused in Whitten, the court held that there could be no liability by the property owner to the police officer who was present at the scene of the danger in the performance of his duties because "it is perfectly obvious that the evacuation of endangered citizens ... forms a part of precisely what policemen are hired to do and falls directly under the ordinary course of the duties of that occupation." Id. at 611.
In applying the "fireman's rule" to fact situations, such as the one before us here, where the fireman is outside the premises when he is injured in the discharge of his duties, there is no need to depart from those cases which hold police and fire personnel to be licensees when they enter upon premises in the discharge of their duties. As expressed by the court in Whitten,

*1121 Of course, for all practical purposes, the "licensee" concept is no different from the "discharge of duty" concept, with the one exception being that the latter has a more widespread application, as the facts sub judice disclose. We therefore find no reason to abandon the cases cited herein which utilizes [sic] the "invitee-licensee" distinction in ascertaining the applicable standard of care owed by a landowner or occupant to a police officer or fireman who enters upon premises in the discharge of his duty and is injured thereon.
357 So.2d at 433.
The application of either the "licensee rule" or the "fireman's rule" does not, however, preclude recovery for injuries by a fireman under any and all circumstances, just because he is on the premises in the discharge of his duties. If considered a licensee, once his presence on the premises is known or should reasonably be anticipated by the owner, the owner has the obligation to refrain from wanton negligence or wilful conduct and to warn the licensee of defects or conditions known to the owner to be dangerous when such danger is not open to ordinary observation by the licensee and when there is reasonable opportunity to give such warning. Hall v. Holton, supra. In applying the fireman's rule, the California courts, where apparently the rule finds strong support, have held that the rule is not intended to bar recovery for independent acts of misconduct which were not the cause of the fireman's presence at the scene of the fire. The rule has only been applied to prohibit a fireman from recovering for injuries caused by the very misconduct which created the risk which necessitated his presence. Lipson v. The Superior Court of Orange County, 31 Cal.3d 362, 182 Cal. Rptr. 629, 644 P.2d 822 (Cal. 1982). Prosser states the duty owed by a landowner to firemen and policemen thusly:
The occupier is still required to exercise reasonable care for their protection in carrying on his activities, and to give warning of dangers of which he knows as in the case of other licensees; but there is no obligation to inspect and prepare the premises for them. And the fact that the occupier himself has been negligent in starting the fire for which the fireman is called makes no difference.
W. Prosser, Law of Torts 397 (4th ed. 1971).
In the case before us, while the pleading uses conclusory language that Morgan was wilfully and wantonly negligent, no ultimate facts are alleged which would constitute wanton negligence or wilful misconduct. The best that can be said of the complaint is that it alleges acts of ordinary negligence which led up to the fire or which caused the fire, and which required the presence of the firemen on the scene, and as such it does not state a cause of action.
In Romedy v. Johnston, supra, the court found that
It is a matter of common knowledge that in the performance of their duties firemen are constantly exposed to dangerous and hazardous conditions. They face the risk of injury from exposure to fire, smoke, and collapsing structures. These are risks assumed by those voluntarily seeking and accepting this type of employment. The injurious effect of coming in contact with fire and smoke is exactly the same, whether the fire originates as the result of an accident or the negligent acts of the owner of the premises.
193 So.2d at 491.
We recognize our obligation to consider as true all well-pleaded allegations of the complaint in considering an order on a motion to dismiss. Nevertheless, a pleading is insufficient if it contains merely conclusions as opposed to ultimate facts supporting each element of the cause of action. Clark v. Boeing Co., 395 So.2d 1226 (Fla. 3d DCA 1981). Appellant failed to allege any ultimate facts demonstrating any wanton negligence or wilful conduct of appellee subsequent to the arrival of the firemen on the scene, nor did she allege any opportunity to warn upon arrival of the firemen or any facts, such as those found in Hall v. Holton, whereby the presence of the fireman upon the premises could have been anticipated *1122 prior to the fire. The trial court was thus correct in dismissing the fourth amended complaint.
Appellant contends that another opportunity should have been given to further amend her complaint. Notwithstanding that five complaints had been ruled insufficient, the record reveals the reluctance of the trial court to finally dismiss the action, but when asked how he would amend further if given the opportunity, appellant's counsel could not demonstrate what further amendment would be made, nor does he do so now.
While the policy in Florida is to liberally allow amendments to pleadings where justice so requires, a trial judge in the exercise of sound discretion may deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished. Alvarez v. DeAguirre, 395 So.2d 213, 216 (Fla. 3d DCA 1981). However, in addition to the desirability of allowing amendments to pleadings so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached. Id.
Thus, even though the number of amendments is not determinative of whether there has been an abuse of the privilege to amend, it has been said that "generally three ineffective attempts to state the same cause of action are enough." Trawick, Florida Practice and Procedure § 14-2 at 208 (1980 Edition). Furthermore, in the absence of an abuse of discretion, a trial court's dismissal with prejudice should not be disturbed. Ragsdale v. Marganti, Inc., 356 So.2d 1321 (Fla. 4th DCA 1978).
Because the trial court correctly dismissed the fourth amended complaint and did not abuse its discretion in denying further leave to amend, the final judgment is
AFFIRMED.
SHARP and COWART, JJ., concur.