GREEN, OLIVER L., Jr., Associate Judge.
This is an appeal by Allen Berglin and Celia Berglin, his wife, plaintiffs below, from a Final Summary Judgment rendered in favor of Adams Chevrolet, defendant below, in a personal injury action alleging willful negligence. We reverse.
The facts are that Allen Berglin was a crime scene investigator for the City of Delray Beach Police Department. He was summoned to the premises of Adams Chevrolet to investigate a burglary. The manager (also referred to as foreman) of Adams Chevrolet and another Delray Beach Police Officer, who was also there, were aware that an overhanging garage door, apparently damaged in the burglary, was in a precarious position as it was off a supporting roller track. The manager testified by deposition that he warned the appellant of this dangerous condition. The appellant’s fellow officer testified by deposition that he was aware of the dangerous condition, but he does not recall if he mentioned this to appellant.
Appellant testified by deposition that the manager did not point out the dangerous condition and further stated as follows:
Q Are you telling me you didn’t know it was off the track?
A I didn’t know it was off the track.
Q And you’re telling me that the other officer on the scene that knew it was off the track didn’t tell you?
A Nobody told me the door was off the track.
Q Okay. So tell me what happened.
A The two guys lowered the door down. I went over to the door. I took pictures of the hole. I dusted for fingerprints. Now, the door was about chest high or a little bit higher so I could work on it. As I was going to write notes, I ducked under the door and at the same time I put my hand on the door to raise it up a little bit higher to go outside. I went outside and I was standing there and I started hearing people yell behind me, which I don’t pay that much attention to people yelling anyway. The next thing I knew is I heard all this noise and the door came down and it hit me and pushed me about a foot away from it. So I was sitting there cussing and swearing because I got hit by the door, which you know, is kind of dumb in the first place.
And the foreman came around and he says, “I was afraid” — and I remember he says, “I was afraid to come around here and see what you looked like.” I said, “Why?” He said, “Well, that big a door falling on top of somebody,” he says, “I -thought you were dead.” I said, “No. It hit me,” I said, “but no problem.”
We are not dealing with an issue as to whether appellant is entitled to recover solely because of a dangerous condition of the premises. The appellant occupied the status of a licensee on the premises of the appellee. Adams Chevrolet was obligated to refrain from wanton negligence or willful conduct which would injure the appellant and to warn him of any defect or condition known to the defendant to be-dangerous if such danger was not open to ordinary observation by the plaintiff. There are disputed issues upon which a trier of fact could conclude that the appel-lee breached this duty to the appellant. Whitten v. Miami Dade Water and Sewer Authority, 357 So.2d 430 (Fla. 3d DCA 1978); Hall v. Holton, 330 So.2d 81 (Fla. 2d DCA 1976).
REVERSED and REMANDED.
WALDEN and BARKETT, JJ., concur.