466 So.2d 1136 (1985)
Irene RISHEL and John Rishel, Her Husband, Appellants,
v.
EASTERN AIRLINES, INC., a Foreign Corporation, Appellee.
No. 84-187.
District Court of Appeal of Florida, Third District.
March 26, 1985.
Rehearing Denied April 26, 1985.
*1137 Gerald E. Rosser, Miami, for appellants.
Thornton, David & Murray and Sara Lawrence, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Police officer Irene Rishel and her husband John Rishel filed an action in which they asserted that an Eastern Airlines [Eastern] gate agent negligently failed to warn police officers of the violent propensities of an intoxicated passenger. The agent summoned police for assistance in removing the intoxicated passenger from the airplane. Officer Rishel was injured when the passenger attacked her. In her complaint, she alleged that Eastern "knew or should have known of the propensity to be violent of an intoxicated individual," and that Eastern's failure to warn her of the danger amounted to gross negligence. Her husband, John Rishel, sued for loss of consortium. Subsequently, the trial court dismissed the second amended complaint, finding that the Rishels had failed to state *1138 a cause of action. We affirm upon a holding that the "fireman's rule" operates as a bar to the negligence action alleged in appellants' second amended complaint.
The fireman's rule, as generally framed, provides that an owner or occupant of property is not liable to a police officer or a firefighter for injuries sustained during the discharge of the duties for which the policeman or fireman was called to the property. See Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), review denied, 447 So.2d 887 (Fla. 1984); Whitten v. Miami-Dade Water & Sewer Authority, 357 So.2d 430 (Fla. 3d DCA 1978). Contrary to appellants' assertion, the fireman's rule, as applied in Florida, is not limited to cases involving a negligent condition on the premises. This court has held that absent a showing of willful and wanton misconduct, neither a fireman nor a policeman may recover from a property owner for injuries arising out of the discharge of professional duties, even though the injuries have not occurred on the premises. Wilson v. Florida Processing Co., 368 So.2d 609 (Fla. 3d DCA 1979); Whitten.
As the court stated in Whitten, 357 So.2d at 432:
[T]he sole duty owed [a policeman or fireman] by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant to be dangerous, if such danger is not open to ordinary observation by the [policeman or fireman].
It is axiomatic that "[t]o sustain a cause of action in negligence, a complaint must allege ultimate facts which establish a relationship between the parties giving rise to a legal duty on the part of the defendant to protect the plaintiff from the injury of which he complains." Ankers v. District School Board of Pasco County, 406 So.2d 72, 73 (Fla. 2d DCA 1981). It follows that if no legal duty exists, there can be no cause of action for negligence. See Price at 1119.
Appellants have failed to set forth a cause of action for negligence because, under the fireman's rule, Eastern had no legal duty to protect police officer Rishel from the injuries she allegedly sustained. Furthermore, the complaint is devoid of allegations supporting a claim for wanton negligence so as to bring it within the exception to the fireman's rule. We begin with the proposition that in considering an order on a motion to dismiss, our obligation is to accept all well-pled allegations of the complaint as true. Price; Other Place of Miami, Inc. v. City of Hialeah Gardens, 353 So.2d 861 (Fla. 3d DCA 1977), cert. denied, 364 So.2d 889 (Fla. 1978). However, a pleading is deemed insufficient if it contains mere statements of opinion or conclusions unsupported by specific, ultimate facts. Price; Other Place of Miami. Although the complaint in this case contains conclusory language that Eastern was grossly negligent, appellants failed to allege any ultimate facts demonstrating the willful conduct or wanton negligence required to survive the bar to recovery imposed by the fireman's rule.
We adhere to the view that strong public policy considerations support application of the fireman's rule to cases such as the present one. The fireman's rule permits individuals who require police or fire department assistance to summon aid without pausing to consider whether they will be held liable for consequences which, in most cases, are beyond their control. There is no question that police and firefighters work in hazardous occupations at great personal risk. See Hannah v. Jensen, 298 N.W.2d 52 (Minn. 1980). It is because these dedicated public officials are willing to assume the risks attendant to their routine duties that citizens are able to rely on their protection. We are reluctant to undermine the security offered by these public servants through the imposition of liability on citizens who fail to warn police or firefighters of the potential dangers inherent in the tasks they are called upon to perform.
Finding that appellants were afforded ample opportunity to state a cause of action and that the circumstances are not *1139 amenable to their stating a valid claim or to the presentation of additional facts, see Hansen v. Central Adjustment Bureau, Inc., 348 So.2d 608 (Fla. 4th DCA 1977); Clark v. Boeing Co., 395 So.2d 1226 (Fla. 3d DCA 1981), we affirm the dismissal.
Affirmed.
NESBITT, J., concurs.
FERGUSON, Judge (dissenting).
One of the plaintiffs is a policewoman who was injured by a violent, intoxicated passenger who refused to vacate defendant's aircraft at the Miami terminal. The other plaintiff is her husband, who is suing for loss of consortium. The majority has affirmed the trial court's dismissal of the complaint for failure to state a cause of action, relying on the "fireman's rule."[1]See generally Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), rev. denied, 447 So.2d 887 (Fla. 1984) (owner of premises is not liable to a policeman or fireman for injuries sustained on the premises by virtue of a negligently created condition which necessitated the policeman's or fireman's presence on the premises in the discharge of his or her duties).
The complaint alleges that Eastern knew or should have known that the assailant boarded the aircraft in an intoxicated condition; that Eastern served him more drinks during the flight furthering his intoxicated condition; that Eastern knew or should have known of the assailant's violent propensity; and that Eastern should have communicated that fact to Officer Rishel when she responded to its call for help in removing the passenger from the aircraft. The trial court dismissed the complaint with prejudice.
The only determination a court undertakes in considering a motion to dismiss for failure to state a cause of action is whether, upon examination of the four corners of the complaint, the allegations are sufficient to sustain a claim for relief. Nottage v. American Express Co., 452 So.2d 1066 (Fla. 3d DCA 1984). For this purpose all of the well-pleaded allegations are deemed admitted. Parkway General Hospital, Inc. v. Allstate Insurance Co., 393 So.2d 1171 (Fla. 3d DCA 1981). On the pleadings in this case a cause of action is stated. Whether the action could survive a motion for summary judgment is another question which cannot be decided on the record presented.
First, even under the fireman's rule, an owner who summons an officer has a duty to warn of any dangerous condition known to the owner if such danger is not open to the ordinary observation of the officer. Price, 436 So.2d at 1119-20; Adair v. The Island Club, 225 So.2d 541, 543 (Fla. 2d DCA 1969). The complaint here was improperly dismissed where the failure to warn was adequately alleged.
The procedural point aside, I have reservations as to whether the fireman's rule, as generally applied, does justice in all cases. I see no reason why, in this age of crowded living, an owner or occupier of premises should not be liable for the creation of unusual hazards which reasonable persons know, or should know, pose a danger to lives and property, foreseeably requiring the presence of firemen or policemen rushing in to give aid. The fireman's rule works to relieve negligent land owners or occupiers of any duty except to disclose to the officer or fireman the existence of a hazard on the premises after the crisis has arisen and the rescuer-to-be has arrived. See Hall v. Holton, 330 So.2d 81, 83 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 948 (Fla. 1977). As a practical matter, in emergency situations there is seldom time for a useful relay of such information. If precedence were no bar, I would follow the Oregon Supreme Court which, in Christensen v. Murphy, 296 Or. 610, 678 P.2d 1210 (1984), discarded the fireman's rule on a finding that the public policy considerations *1140 upon which it is based have not proved sound or equitable.
NOTES
[1] My dissent was originally prepared to an affirmance without opinion. I am content that the majority has seen fit to write an opinion which gives the supreme court an opportunity to examine, or reexamine, the fireman's rule.