486 So.2d 11 (1986)
Robert E. SMITH, Appellant,
v.
Robert MARKOWITZ and Bonded Rental Agency, Inc., Appellees.
Nos. 85-742, 85-1608.
District Court of Appeal of Florida, Third District.
March 4, 1986.
Rehearing Denied April 16, 1986.
High, Stack, Lazenby, Palahach & LaCasa and Robert C. Tilghman, Coral Gables, for appellant.
*12 Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, Jimenez, Segarra & Tellechea, Orlando, and Geoffrey Fleck, Miami, for appellees.
Before HENDRY and HUBBART and FERGUSON, JJ.
PER CURIAM.
The final summary judgment entered below in favor of the defendant property owner [Robert Markowitz] and the defendant property manager [Bonded Rental Agency, Inc.] in this premises liability negligence action is affirmed. We reach this result based on the following, briefly stated legal analysis.
First, under Florida law, the plaintiff police officer herein [Robert E. Smith] was a licensee on the property owned by the defendant Markowitz and managed by the defendant Bonded Rental Agency, Inc. when the plaintiff entered the said property chasing a criminal suspect who had allegedly been involved in an illegal drug transaction in the area. We decline to recede from or distinguish, as urged, the cases in this area of law so as to make the said plaintiff an invitee on the subject property. See Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985); Whitten v. Miami-Dade Water & Sewer Authority, 357 So.2d 430 (Fla. 3d DCA), cert. denied, 364 So.2d 894 (Fla. 1978); Hall v. Holton, 330 So.2d 81 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 948 (Fla. 1977); Romedy v. Johnston, 193 So.2d 487 (Fla. 1st DCA 1967).
Second, "the sole duty owed him [the plaintiff Smith as licensee] by the owner or occupant of the premises [the defendants herein] is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant [the defendants herein] to be dangerous, if such danger is not open to ordinary observation by the licensee [the plaintiff Smith]." Whitten v. Miami-Dade Water & Sewer Authority, supra, at 432.
Third, it appears without genuine material dispute that the above-ground water pipe, over which the plaintiff stumbled and fell while on the subject property, was open to ordinary observation and represented, in no sense, a latent or hidden danger. It is also plain, as a matter of law, that the maintenance of this water pipe did not amount to wanton negligence or willful conduct by the defendants. This being so, there can be no negligence liability attached to the defendants for the plaintiff's injuries in this case.
Affirmed.