520 So.2d 613 (1987)
P.J.'S OF DAYTONA, INC., et al., Appellants,
v.
Deenya SORENSON, Etc., Appellee.
No. 86-1132.
District Court of Appeal of Florida, Fifth District.
December 31, 1987.
Rehearing Denied February 24, 1988.
Charles R. Steinberg of Ric, Steinberg & Stutin, P.A., Orlando, for appellants.
David R. Miller, P.A., Daytona Beach, for appellee.

ON MOTION FOR REHEARING AND REHEARING EN BANC
PER CURIAM.
The motion for rehearing en banc is granted and the prior opinion in this case is withdrawn. Upon a review of the evidence, a majority of this court agree it is sufficient to sustain the judgment. Therefore, the judgment is affirmed.
AFFIRMED.
UPCHURCH, C.J., DAUKSCH, ORFINGER and COWART, JJ., concur.
SHARP, J., dissents with opinion.
COBB, J., did not participate.
SHARP, Judge, dissenting.
I respectfully dissent. P.J.'s of Daytona, Inc. (P.J.'s), appeals from an adverse judgment in a wrongful death case brought by *614 Deenya Sorenson, as personal representative of the Estate of Gregory Sorenson. Appellant argues the trial court erred in failing to direct a verdict for it, based on the lack of any evidence to show that the employees of P.J.'s acted in a willful or wanton manner after Sorenson asserted himself in his role as a police officer to quell a barroom-related fracas.
The evidence, taken in a light most favorable to the appellee,[1] showed that three young men  Reed, Topovski (co-defendants) and Humphrey  were wrongfully accosted by bouncers employed by P.J.'s at the entrance to the bar. They returned to their vehicle in P.J.'s parking lot, followed by the bouncers, who challenged them to a fight. Topovski raised a pistol to back the bouncers off, and warned them he would defend himself.
The testimony at this point was not in dispute. The bouncers retreated. One of them returned to the bar and informed Sorenson and his partner, Josenhans (offduty policemen known to the bouncers), that there was a man in a car with a gun. Josenhans and Sorenson then proceeded to the car to investigate.
Josenhans testified that the two police officers approached the car from the rear. Josenhans approached the driver's side (where Reed was seated) and Sorenson the passenger side (where Topovski was seated). Josenhans testified that when they reached the windows of their respective sides, both officers showed the occupants their badges. Immediately thereafter, Sorenson apparently saw the gun which Topovski had inside the car and dived for it. Sorenson grabbed Topovski by the hair with one hand and the gun with the other. Topovski then yelled, "Let's go, let's go, let's go," and Reed pulled out of the parking lot with Sorenson still holding on.[2] Sorenson did not let go of Topovski and was dragged along. He ultimately fell off the car approximately a quarter of a mile down the street, incurring injuries which resulted in his death some 15 months later.
Using a special interrogatory verdict form, the jury found that the defendants were 50% negligent and the decedent was 50% negligent. The jury assigned to Reed and Topovski (each) 12.5% of the liability, and to P.J.'s, 25% of the liability. The jury found that Sorenson's estate suffered damages in the amount of $550,000.
I think recovery against P.J.'s in this case is barred by the application of the Fireman's Rule. It provides:
Once upon the premises, the fireman or policeman has the legal status of a licensee and the sole duty owed by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant to be dangerous, if such danger is not open to ordinary observation by the licensee.
See Preferred Risk Mutual Ins. Co. v. Saboda, 489 So.2d 768 (Fla. 5th DCA), review denied, 501 So.2d 1283 (Fla. 1986); Price v. Morgan, 436 So.2d 1116, 1120 (Fla. 5th DCA 1983), review denied, 447 So.2d 887 (Fla. 1984); Whitten v. Miami-Dade Water and Sewer Authority, 357 So.2d 430, 432 (Fla. 3d DCA), cert. denied, 364 So.2d 894 (Fla. 1978). Since there was no defect or condition of the premises involved in this case, the sole issue is whether the bouncers engaged in wanton negligence or willful conduct which caused Sorenson's injuries.
In this case, as occurred in Saboda, the policeman was injured by the very situation to which he responded in his capacity as a policeman  the misconduct of the three young men in a car with a gun. Although the bouncers may have incited and contributed to the initial misbehavior of the young men, they had backed off and ceased to play an active role after the policemen were called. Sorenson's injuries resulted from his attempt to obtain possession of the gun and to arrest Topovski  done in his capacity as a police officer. Absent participation *615 in such activities by P.J.'s, the appellee's suit is precluded by the Fireman's Rule. See Price v. Morgan, supra; Whitten v. Miami-Dade Water and Sewer Authority, supra; Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985); 30 A.L.R.4th 81 (1984). I would reverse.
NOTES
[1] Reems v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983).
[2] Topovski testified that only about 30 seconds elapsed between the time he pulled out the gun and the time Sorenson grabbed him.