ON REHEARING
LETTS, Judge.
We grant the motion for rehearing, withdraw and cancel the opinion filed on August 23, 1989, and substitute the following:
This is a variation on the theme involving the “fireman’s rule,” the trial judge applying it to bar a policeman’s personal injury suit by way of summary judgment. We affirm.
At 10:15 p.m., the policeman involved here was dispatched to an automobile accident scene involving two vehicles. While questioning one of the drivers, an accompanying passenger in that car screamed obscenities at the officer and told the driver not to cooperate with the investigation and not to answer the officer’s questions. One thing led to another, resulting in the passenger resisting arrest with violence. The officer was injured during the ensuing physical fracas and sued the passenger. That passenger asserted the fireman’s rule as a bar to litigation.
The fireman’s rule is applicable to policemen in the performance of their duty as well as to firemen. Basically, the rule absolves a negligent owner or occupant of premises onto which a fireman or policeman enters in the performance of his duty. “Once upon the premises, the fireman or policeman has a legal status of a licensee and the sole duty owed him by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct. ...” Whitten v. Miami-Dade Water and Sewer Authority, 357 So.2d 430, 432 (Fla. 3d DCA), cert. denied, 364 So.2d 894 (Fla.1978).
The rule has been expanded to include police officers acting in the performance of their duties even though they are not specifically found on any particular premises. In Wilson v. Florida Processing Company, 368 So.2d 609 (Fla. 3d DCA 1979), the fireman’s rule was held to apply to several policemen who never entered the premises, from which chlorine gas was escaping, but were injured by the fumes while helping to evacuate town residents. We, therefore, accept the proposition that a *512 policeman performing his duty at the side of a public road may be subject to the fireman’s rule.[1]
It is true that the behavior of the passenger sub judice might arguably have reached the level of willful misconduct. However, that exception to the rule cannot be invoked here because the policeman’s complaint only alleged negligence. The failure to allege willful misconduct was no accident and counsel conceded at oral argument that coverage under the passenger’s homeowner’s policy might not have been available were willful misconduct involved.
The policeman also argues that the fireman’s rule “does not shield a defendant from liability to a police officer who is injured as a result of an independent, negligent act ... which is not the cause of the officer’s presence at the scene” and that the rule has “only been applied to prohibit a public safety officer from recovering for injuries caused by the very misconduct creating the risk which necessitated the officer’s presence on the scene.” To this end, the policeman cites several Florida cases, including Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), rev. denied, 447 So.2d 887 (Fla.1984); Preferred Risk Mutual Insurance Company v. Saboda, 489 So.2d 768, 770 n. 2 (Fla. 5th DCA), rev. denied, 501 So.2d 1283 (Fla.1986); Rishel v. Eastern Airlines, Inc., 466 So.2d 1136, 1138 (Fla. 3d DCA 1985); and Whitten v. Miami-Dade Water and Sewer Authority, 357 So.2d 430, 431-432 (Fla. 3d DCA), cert. denied, 364 So.2d 894 (Fla.1978). However, we see no need to analyze these cases because we do not agree that what transpired was too remote from the reason for the officer’s presence. It is true that he was called to this late-night scene to investigate a traffic accident rather than be drawn into a physical brawl. Yet, any investigation of a traffic accident carries with it the possibility of arrest. Any arrest, likewise, is accompanied by the possibility of resistance thereto.
We conclude, therefore, that the fireman’s rule would apply in this case. Yet, we are unhappy with this conclusion.[2] In a very recent opinion, our supreme court reiterated its strong support for the rule because it “permits individuals who require police or fire department assistance to summon aid without pausing to consider whether they will be held liable for consequences which, in most cases, are beyond their control.” Kilpatrick v. Sklar, 548 So.2d 215, 217 (Fla.1989), citing Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985). See also, Sanderson v. Freedom Savings & Loan Association, 496 So.2d 954 (Fla. 1st DCA 1986).
In the case at bar, the errant passenger did not summon the police and was but a passenger in someone else’s car. The record does not indicate any involvement on the part of the passenger in the accident. Apparently, he was not injured in the accident and needed no aid or assistance. On the contrary, he spurned assistance and advocated resistance culminating in an attack upon an on-duty police officer. In our view, it is unfortunate that such a wrongdoer is able to successfully advocate a fireman’s rule defense for he does not appear to belong to the class of persons sought to be protected. On the other hand, the policeman could have precluded the entry of a summary judgment by alleging willful misconduct. That he deliberately chose not to do so as a matter of strategy can hardly be blamed on the state of the law.
Nonetheless, deeming the matter to be of great public importance, we certify the following question to the supreme court:
IF A VEHICLE IS INVOLVED IN A TRAFFIC ACCIDENT, IS A PASSENGER IN THAT VEHICLE ENTITLED TO THE PROTECTION OF THE FIRE *513 MAN’S RULE IF HE NEGLIGENTLY INJURES THE POLICEMAN WHILE RESISTING ARREST?
AFFIRMED.
GLICKSTEIN, J., concurs.
ANSTEAD, J., dissents with opinion.

. We note, however, that the chlorine gas in Wilson did emanate from the premises of an owner.

. There is a fairly recent law review article on the subject which denounces the judiciary for their handling of the fireman’s rule in Florida. It is well worth reading. See Peltz, "The Transformation of the ‘Fireman’s Rule' from a Limited Premise Liability Doctrine into an Illogical Broad Barrier to Fair Compensation,” XVII Stetson L.Rev. 137 (1987).