ANSTEAD, Judge,
dissenting.
I would adhere to our original opinion holding that the injured police officer is not barred from recovery by virtue of the so-called “fireman’s rule.”
Florida public policy stongly favors allowing persons injured by the wrongful acts of others to recover compensation from the wrongdoer. That is the foundation of tort law. In my view, the “fireman’s rule” was intended to be a narrowly-drawn defense to tort actions illustrated by the classic case brought by a fireman who, summoned to respond to a dangerous condition, was injured by the condition he was trying to alleviate.[3] The public policy behind the rule simply recognizes that the danger inherent in fighting fires must be compensated for in some manner other than permitting the fireman to recover from the person who owned or possessed the premises where the fire occurred. Otherwise, victims will be reluctant to request public assistance in response to fires and other emergencies and the ultimate harm to society will be much greater. The policy behind the rule is not served in a case where a fireman is injured, not due to a dangerous condition on the burning premises, but rather at the hands of a bystander to the fire. Similarly, I do not believe a police officer should be barred from recovery if he is negligently injured by a bystander to an automobile accident to which he is dispatched.

. See Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985) (officer sued the airline for injuries she sustained in connection with her duties responding to a call to remove a disruptive passenger from an airplane; alleged the airline was negligent in failing to warn her of the propensities; fireman's rule precluded recovery); Sanderson v. Freedom Savings & Loan, 548 So.2d 221, 222 (Fla.1989) (estate of officer killed during response to robbery attempt sued bank for officer’s wrongful death; alleged bank employees negligent in alerting robbers to officers’ presence; fireman’s rule precluded recovery since officer was on the property in the furtherance of his official duties); Whitten v. Miami-Dade Water & Sewer Auth., 357 So.2d 430 (Fla. 3d DCA), cert. denied, 364 So.2d 894 (Fla.1978) (police officers and firemen sued operator of water plant for injuries suffered as a result of noxious fumes escaping from the plant; firemen’s rule, based on discharge of duty theory, precluded recovery); P.J.'s of Daytona, Inc. v. Sorenson, 520 So.2d 613 (Fla. 5th DCA 1987), rev. denied, 529 So.2d 695 (Fla.1988) (fireman’s rule precluded liability on the bar owner’s part where customer asserted his position as a police officer to quell barroom fracas); Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), rev. denied, 447 So.2d 887 (Fla.1984) (personal representative sued property owner and his insurer for damages resulting from fireman’s death while trying to extinguish fire; fireman’s rule precluded liability since officer was discharging an official duty); Kilpatrick v. Sklar, 548 So.2d 215 (Fla.1989) (fireman’s rule precluded recovery against property owner who had no ownership interest in dogs for police officer injured as a result of fleeing from other property owner’s dogs while investigating alarm sounds on the jointly owned property).