PER CURIAM.
This is an appeal of a final summary judgment. The issue on appeal concerns the applicability of the “fireman’s rule.”
Appellant, Marilyn Farrell, is a police officer. While responding to a domestic disturbance call at the home of appellee’s parents, she was injured by the negligent acts of appellee, Michael Fisher. Because of insurance considerations she chose to allege simple negligence in her civil suit
against Fisher, rather than wanton negligence or willful misconduct. The complaint was later amended to include allegations of gross negligence.
The fireman’s rule is explained in the following language in Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985), approved by our supreme court in Kilpatrick v. Sklar, 548 So.2d 215 (Fla.1989):
The fireman’s rule, as generally framed, provides that an owner or occupant of property is not liable to a police officer or a firefighter for injuries sustained during the discharge of the duties for which the policeman or fireman was called to the property. See Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), review denied, 447 So.2d 887 (Fla.1984); Whitten v. Miami-Dade Water & Sewer Authority, 357 So.2d 430 (Fla. 3d DCA 1978). Contrary to appellants’ assertion, the fireman’s rule, as applied in Florida, is not limited to cases involving a negligent condition on the premises. This court has held that absent a showing of willful and wanton misconduct, neither a fireman nor a policeman may recover from a property owner for injuries arising out of the discharge of professional duties, even though the injuries have not occurred on the premises. Wilson v. Florida Processing Co., 368 So.2d 609 (Fla. 3d DCA 1979); Whitten.
As the court stated in Whitten, 357 So.2d at 432:
[T]he sole duty owed [a policeman or fireman] by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant to be dangerous, if such danger is not open to ordinary observation by the [policeman or fireman].
[[Image here]]
We adhere to the view that strong public policy considerations support application of the fireman’s rule to cases such as the present one. The fireman’s rule permits individuals who require police or fire department assistance to summon aid without pausing to consider *409 whether they will be held liable for consequences which, in most cases, are beyond their control.
Rishel, 466 So.2d at 1138 (emphasis original).
The first question appellant poses for our consideration is whether gross negligence and wanton negligence are substantially equivalent terms. Appellant’s purpose is to come within the “wanton and willful misconduct” exception to the fireman’s rule. We hold that the terms are not substantially equivalent.
Gross negligence has been defined as the equivalent of slight care, Cadore v. Karp, 91 So.2d 806 (Fla.1957); that course of conduct which a reasonable and prudent person would know would probably and most likely result in injury to person or property, Clement v. Deeb, 88 So.2d 505, 506 (Fla.1956) (quoting Bridges v. Speer, 79 So.2d 679, 682 (Fla.1955)). Wanton negligence, on the other hand, is no care or the absence of any care and is only one degree removed from willful misconduct. See W. Prosser & W. Keeton, The Law of Torts § 34, at 211-14 (5th ed. 1984 & Supp.1988).
In so holding, we align ourselves with the result reached by two other district courts of appeal, but without necessarily approving the rationale of the cases expressing that result. Adelsperger v. Riverboat, Inc., 573 So.2d 80 (Fla. 2d DCA 1990); Preferred Risk Mutual Ins. Co. v. Saboda, 489 So.2d 768, 770 n. 3 (Fla. 5th DCA), rev. denied, 501 So.2d 1283 (Fla. 1986); Glaab v. Caudill, 236 So.2d 180 (Fla. 2d DCA 1970).
Having thus concluded that appellant has not alleged an exception to the fireman’s rule, we turn to the second issue on appeal. The question is whether appel-lee, Fisher, admittedly an “occupant” of the premises, is not within the class of individuals the fireman’s rule was designed to protect. It could be argued that Fisher was the danger which the true occupants/owners, his parents, called the police to guard against. Thus it would follow that his true capacity on these facts was one of being the problem rather than being the occupant in the fireman’s rule equation. It does seem clear that Fisher is not, or should not be, considered to fall within that class of persons the rule was designed to protect. Any other interpretation turns the rule on its head.
Having said all that, we feel compelled nevertheless to be guided by our own precedents until the supreme court crafts the exception which appropriate application of the rule seems to require in cases like this one. Thus, in accord with Lanza v. Polanin, 556 So.2d 510 (Fla. 4th DCA), juris, accepted (Fla. Feb. 23, 1990) (No. 75,579), we hold that Fisher is entitled to the protection of the fireman’s rule.
As we did in Lanza, in slightly different language, we certify to our supreme court the following question:
WHERE A FIREPERSON OR POLICE OFFICER IS INJURED THROUGH THE ACTS OF ONE OTHER THAN THE PERSON WHO WAS IN NEED OF POLICE OR FIRE ASSISTANCE, BUT THOSE ACTS WERE WITHIN THE SCOPE OF THE MATTER FOR WHICH ASSISTANCE WAS NEEDED, DOES THE FIREMAN’S RULE OPERATE TO BAR RECOVERY FOR THE FIREPER-SON’S OR POLICE OFFICER’S INJURIES?
Neither party contends that the statutory change in the fireman’s rule applies to this case, and we agree that it does not. § 112.182, Fla.Stat. (Supp.1990), Ch. 90-308, Laws of Florida. See Adelsperger v. Riverboat, Inc., 573 So.2d 80 (Fla. 2d DCA 1990).
We affirm and certify the question.
AFFIRMED; QUESTION CERTIFIED.
HERSEY, C.J., POLEN, J., and WALDEN, JAMES H., Senior Judge, concur.