DAUKSCH, Judge.
This is an appeal from a defense judgment in a dog bite case.
Appellant was appellee’s long-time postman. He was delivering mail, as he usually did, to the mailbox located just outside appellee’s four-foot fence. On the gate through the fence was affixed a “bad dog” sign; a warning in accordance with section 767.04, Florida Statutes.[1] This day the dog jumped the fence and bit the mailman. He sued and lost and now appeals. He assigns as error the failure to give a requested jury instruction regarding the statutorily required dog bite sign. We find no error there.
We do find error, however, in the verdict form to which an objection was made at trial. The jury was given the following verdict form:
VERDICT FORM
We the jury, return the following verdict:
1. Did the Defendant, ARTHUR BA-LEY, at the time of the injury to the Plaintiff, RICHARD KAISER, have displayed in a prominent place on his premises a sign easily readable including the words “Bad Dog.”
_YES _NO.
If your answer to the preceeding question is yes, your verdict is for the Defendant, and you should not proceed further except to date and sign this verdict form and return it to the Courtroom. If your answer to this question is no, you should answer the following question.
2. What is the total amount of damages sustained by the Plaintiff and caused by the incident in question?
Total damages of Plaintiff, RICHARD KAISER $_
SO SAY WE ALL, on this 23 day of October, 1984.
While on its face this interrogatory verdict form seems correct, upon application of it to the facts of this case it is improper. It preempts an important issue the jury was required to decide, i.e. whether the sign sufficiently warned this plaintiff of the actual danger extant. The mailbox was outside the four-foot fence which had the sign on it, the dog jumped the fence and bit the plaintiff. The plaintiff argues and we agree that the jury could find in this case that the defendant did have an easily readable, prominently displayed sign on his premises but that the defendant is still liable because the sign did not adequately warn. The fence was obviously there to keep the dog in and the sign to warn those who would enter the area within the fence. Because the defendant had his mailbox outside the fence the plaintiff was not unreasonable to assume he was safe from the bad dog in the fenced-in area. While we do not now hold that the sign was insufficient to warn, as a matter of law, we do hold that the adequacy of the warning is a jury question and the verdict form erroneously preempts the jury from making a finding on a proper issue.
*908 REVERSED and REMANDED for new trial.
SHARP, J., and BOARDMAN, E.F., Associate Judge, concur.

. § 767.04, Fla.Stat. (1983) provides:
Dog owner's liability for damages to persons bitten. — The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners’ knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws of postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a promihent place on his premises a sign easily readable including the words "Bad Dog.”