193 So.2d 487 (1967)
Gladys R. ROMEDY, Appellant,
v.
Wm. H. JOHNSTON et ux., et al., Appellees.
No. I-11.
District Court of Appeal of Florida. First District.
January 5, 1967.
*488 Ogier & Stubbs, Jacksonville, for appellant.
Charles Cook Howell, Jr., Jacksonville, for appellee, United States Fidelity & Guaranty Co.
Arthur T. Boone and John A. Rush, Jacksonville, for individual appellees.
David M. Foster, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee, Hotel Roosevelt Co., Inc.
WIGGINTON, Judge.
Plaintiff has appealed a final judgment dismissing with prejudice her complaint on the ground that it fails to state a cause of action.
In summary, the complaint alleges that defendants are the owners and operators of a hotel in Jacksonville, Florida. The hotel was constructed, remodeled, and maintained in such manner as to permit combustible materials to remain in a concealed space between the ceiling of the ballroom and lobby and the roof. Vertical shafts were constructed without fire stops resulting in a condition whereby a fire, once started, could spread in both horizontal and vertical directions throughout the building. The building was not equipped with an automatic sprinkler system or with fire detection devices. The foregoing conditions created a dangerously hazardous condition which was known or should have been known to the owners. On the critical date a fire occurred in the hotel so owned and operated by defendants. Plaintiff's decedent, an employee of the Jacksonville *489 Fire Department, responded to a fire alarm and entered upon the hotel premises in the course of his employment for the purpose of assisting in extinguishing the fire. While performing his duties, plaintiff's decedent inhaled large quantities of smoke and became physically overcome and exhausted therefrom. As a direct and proximate result of the smoke inhalation, plaintiff's decedent was caused to suffer a heart attack as a result of which he died.
In its order granting defendants' motion to dismiss the complaint, the trial court specifically found from the allegations contained therein that plaintiff's decedent, at the time of his injury and death, was a licensee upon the premises of defendants. Having determined the status of plaintiff's decedent to be that of a licensee, the trial court found the allegations of the complaint to be insufficient as a matter of law to charge defendants with a breach of duty owed decedent, or to otherwise state a cause of action for the relief prayed.
The entire burden of appellant's argument on this appeal is that a fireman who suffers injuries resulting in his death under the circumstances alleged in the complaint filed herein occupies the legal status of an invitee to whom the owner owes the duty of keeping the premises in a reasonably safe condition, and to guard against subjecting the invitee to dangers of which the owner is cognizant or might reasonably have foreseen.[1] Although appellant recognizes that the weight of authority in the United States on the question presented is contrary to her position, she charges that such is an anachronism which should now be rejected. She points to the minority view expressed in decisions rendered by courts of last resort in the states of Illinois, New York, and Minnesota,[2] as representing the sounder rule of law which should be adopted and followed by the courts of Florida.
As indicated above, the majority of courts in this country adhere to the view that in the absence of statute or express invitation, a fireman who enters upon the premises of another in the discharge of his duty occupies the status of a licensee.[3] This is the view apparently favored in Florida as gleaned from the decision rendered by the Supreme Court in the case of Fred Howland Inc. v. Morris.[4] This case involved a suit by a city building inspector to recover damages for injuries sustained from a fall caused by the negligent and faulty construction of a building which he was inspecting. In distinguishing the status of a city building inspector from that of a fireman, the Supreme Court said:
"It is urged by defendant Fred Howland, Inc., that Morris was a licensee on the premises and that consequently it was under no duty to protect Morris from injury, being required only to refrain from wilfully and wantonly injuring him. Defendant cites many cases dealing with firemen and policemen, where the courts have almost uniformly held that such officers are licensees. The theory  and it is a correct one  upon which such holdings are based is that of overwhelming necessity, and no duty rests upon the property owner to protect such licensees from injury.
"A building inspector, while his presence is in part a necessity, is present also by virtue of an implied contractual relationship with the city, wherein the *490 city grants a permit to build, provided the city, through its authorized agents, is allowed to make detailed inspections of the component parts of the building as they are assembled. The inspector is on the premises for a purpose connected with the business in which the owner or occupant is engaged or which he permits to be conducted on the premises, and there is a mutuality of interest in the subject to which the inspector's presence relates. In this respect he is akin to a government inspector in a privately owned meat packing plant. Pauckner v. Wakem, 231 Ill. 276, 83 N.E. 202, 14 L.R.A., N.S., 1118; Milauskis v. Terminal Ry. Ass'n, 286 Ill. 547, 122 N.E. 78; Boneau v. Swift & Co., Mo. App., 66 S.W.2d 172."
While admittedly the above-quoted excerpt from the decision in Howland which relates to the legal status of firemen was dictum, it nevertheless constituted a part of the court's reasoning in arriving at the decision reached by it in that case, and to that extent is highly persuasive.
Since the trial court's ruling in the case sub judice conforms to the majority view followed in this country, is consistent with the common law and in harmony with the expression made by our Supreme Court in Howland, supra, we are not prepared to hold the trial court to be in error.
In addition to the foregoing, we perceive other reasons why the complaint fails to state a cause of action regardless of the legal relationship which existed between plaintiff's decedent and defendants. The complaint is silent with respect to how the fire originated. More importantly, the complaint alleges no facts from which it may be inferred that defendants' negligence was a proximate cause of decedent's death. The complaint affirmatively alleges that plaintiff's decedent died from a heart attack which resulted from physical exhaustion and the inhalation of smoke occurring while he was in the performance of his duties as a member of the fire department. There is nothing in the complaint from which it can be inferred that decedent's death resulted directly and proximately from structural defects in the building, if any, the presence therein of combustible materials, or the absence of an automatic sprinkler system or fire detection devices. Failure of the complaint to allege facts sufficient to establish the element of proximate cause renders it fatally defective as a statement of a cause of action entitling plaintiff to the relief prayed. Even if the acts of negligence charged against defendants in the construction and maintenance of the hotel can be said to have created a condition which contributed to the origin of the fire thereby necessitating the presence of plaintiff's decedent on the premises, it has been uniformly held that this fact alone would not render defendants liable for the death of plaintiff's decedent.[5]
It is an established rule of law in this jurisdiction that the owner of premises owes to a licensee the duty to refrain from wanton negligence or willful misconduct which would injure the licensee. It is also held that if the owner has knowledge of pitfalls, booby traps, latent hazards, or other similar dangers, then a failure to warn such licensee could under proper circumstances amount to wanton negligence, but there must be knowledge of the danger by the owner combined with knowledge that the licensee is about to be confronted with the danger.[6] The complaint falls far short of alleging facts sufficient to show a breach of duty by defendants to plaintiff's decedent as a licensee on the premises.
*491 Appellant reasons that when a fireman enters upon the premises of another in the discharge of his duty, he is on the premises at the implied invitation of the owner and for the owner's benefit. Under these circumstances appellant urges that such fireman should be held to occupy the status of an invitee, and be accorded the protection owed to persons occupying that status.
The position taken by appellant has been considered and passed upon by other courts in cases similar to the one now before us for review. This contention has been rejected for the reason that firemen, in the performance of their duties in attempting to extinguish fires and preserve property, enter upon the premises of others by permission of law and not at the invitation of the owner. Their duties are public in nature and they are as much concerned with containing a fire and preventing it from spreading into a general conflagration affecting the adjacent properties of others as they are in saving or protecting the property where the fire originates. Since the occurrence of fires is unpredictable, it would be wholly impractical and unreasonable to require the owner or occupant of premises to exercise at all times the high degree of care owed to an invitee in order to guard against the remote possibility that a fire may occur and a fireman, while fighting the fire, may become exposed to a dangerous condition created by the negligent manner in which the owner has maintained his premises. The emergency situation most generally created by the outbreak of a fire does not permit time for conferences between the owner and members of the fire department in order that defective conditions of the building might be pointed out and dangers thereby avoided by those having the responsibility for containing and extinguishing the blaze. For these reasons, and many others, the policy of the law refuses to impose upon owners and occupants of premises the obligation to firemen which is owed to invitees.
It is a matter of common knowledge that in the performance of their duties firemen are constantly exposed to dangerous and hazardous conditions. They face the risk of injury from exposure to fire, smoke, and collapsing structures. These are risks assumed by those voluntarily seeking and accepting this type of employment. The injurious effect of coming in contact with fire and smoke is exactly the same, whether the fire originates as the result of an accident or the negligent acts of the owner of the premises. It is in recognition of the public nature of the duties performed by firemen, and the dangers inherent therein, that both state and municipal pension funds are established to compensate them in the event they suffer injury or death while acting in the course of their employment.
It well may be that because of the important and essential public service rendered by members of organized fire departments they should be considered sui generis and entitled to all the protection accorded invitees under the law. We believe, however, that if such change is to be made in the law, orderly processes of government dictate that it should be accomplished by the adoption of an appropriate statute by our legislature, and not by judicial legislation enacted by the courts.
For the reasons stated above, the judgment of dismissal appealed herein is affirmed.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] McNulty v. Hurley, (Fla. 1957) 97 So.2d 185.
[2] Dini v. Naiditch, (1960) 20 Ill.2d 406, 170 N.E.2d 881, 86 A.L.R.2d 1184; Meiers v. Fred Koch Brewery, (1920) 229 N.Y. 10, 127 N.E. 491, 13 A.L.R. 633; Shypulski v. Waldorf Paper Products Co., 232 Minn. 394, 45 N.W.2d 549.
[3] 38 Am.Jur. 785, Negligence § 125; See cases reported in 86 A.L.R.2d 1210 et seq.
[4] Fred Howland, Inc. v. Morris, (1940) 143 Fla. 189, 196 So. 472, 476, 128 A.L.R. 1013.
[5] Krauth v. Geller, (1960) 31 N.J. 270, 157 A.2d 129; Sicolo v. Prudential Saving Bank of Brooklyn, N.Y., (1956) 2 Misc.2d 289, 151 N.Y.S.2d 295.
[6] City of Boca Raton v. Mattef, (Fla. 1956) 91 So.2d 644, 648.