409 So.2d 110 (1982)
Roy A. WHITLOCK and Wanda Whitlock, His Wife, Appellants,
v.
Sue ELICH and Allstate Insurance Company, Appellees.
No. 80-1174.
District Court of Appeal of Florida, Fifth District.
January 27, 1982.
W.C. Airth, Jr., of Fowler, Williams & Airth, P.A., Orlando, for appellants.
William B. Wilson of Maguire, Voorhis & Wells, P.A., Orlando, for appellees.
COBB, Judge.
This is an appeal from a summary judgment in a personal injury case. We reverse.
The appellant, Roy A. Whitlock, a City of Orlando policeman, was on duty when he received a routine report of a stolen purse. He responded to the call by interviewing the victim, the appellee Sue Elich, at the situs of the crime, an Orlando boutique at which she worked. Whitlock interviewed Elich and made a report on the larceny of her purse. During the interview, he learned that the keys to her condominium had been taken with her purse. Consequently, Officer Whitlock drove Elich to her condominium residence, and he checked it for signs of entry, having expressed concern that someone may have used the keys to gain access to the condominium. He shined his flashlight through all of the windows on the ground floor. Elich told Whitlock that on other occasions she had been able to get inside by forcing a window open, reaching through and unlocking the window lock. Her attempts on this occasion to open the window were unsuccessful, and Officer Whitlock proceeded to attempt to open the window. At this point, there was a wedgeshaped opening between the window and a *111 steel frame. Whitlock placed his right arm through the opening in an attempt to reach the window lock and his left hand against the glass to apply pressure to the window. As he was making this attempt, Elich removed the flashlight from the frame, where Whitlock had placed it to keep the window open, and she pulled the frame of glass down on Whitlock's left hand.
Based upon the deposition testimony of Whitlock, it is clear that he went to the premises of Elich and was attempting to secure entry into her condominium apartment through the window, which she had told him could provide access, in order to ascertain that the thief who had stolen her purse and key had not used the key to "break into the condominium." Whitlock was concerned about this possibility because of his police experience that such had frequently occurred in this area. It was his purpose, as a policeman, to check for the suspected intruder. Whitlock was bound by his own deposition testimony for purposes of the summary judgment hearing. Kramer v. Landau, 113 So.2d 756 (Fla. 3d DCA 1959).
Whitlock sued Elich for negligence. It was not alleged in Whitlock's complaint that he was injured as a result of wanton negligence or wilful conduct on the part of Elich. At the summary judgment hearing, Elich argued that the plaintiff was barred from recovery for an injury incurred while discharging his professional duties in the absence of wanton negligence or wilful conduct on her part. See Hall v. Holton, 330 So.2d 81 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 948 (Fla. 1977). Under the evidence adduced, Elich was not guilty of wanton or wilful conduct. Therefore, if this be considered strictly as a "premises liability" case  i.e., an injury resulting from a condition of the premises (a defective window)  then the issue would be the status of the policeman at the time of injury in order to determine the applicable standard of duty to be imposed upon Elich as an owner or occupant of the premises.
As observed by the Florida Supreme Court in Wood v. Camp, 284 So.2d 691 (Fla. 1973):
It may be that on the facts in a particular case the determination of the category of the plaintiff must be determined as a matter of law by the trial judge, as in other cases in this respect; other causes will present a factual issue for the jury as to whether plaintiff is invitee, licensee or trespasser under appropriate instruction.
In this case, the facts were not in dispute on this issue and the trial judge made the determination that Whitlock was a licensee as a matter of law. We would agree with that determination. But such a determination, as in Wood and in Hall, is relevant only where an injury is caused by a defective condition of the premises. Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla. 1977). In this case, there was evidence that the injury was not caused solely by any defect in the premises but, at least in part, by the negligent act of Elich in removing a flashlight prop from the window frame and actively "scissoring" Whitlock's hand while she was moving the glass pane in an attempt to assist him. The Florida Supreme Court has recognized a distinction between an injury caused by the active conduct of the putative tortfeasor and an injury caused by a defective condition of the landowner's premises. Maldonado; Hix v. Billen, 284 So.2d 209 (Fla. 1973). In the former situation, the applicable standard is ordinary negligence. The summary judgment below is reversed for this reason.
REVERSED and REMANDED.
DAUKSCH, C.J., and SHARP, J., concur.