496 So.2d 954 (1986)
Suzanne Taylor SANDERSON, Individually and As Personal Representative of the Estate of Stephen A. Taylor, Appellant,
v.
FREEDOM SAVINGS & LOAN ASSOCIATION, Cliff Jackson, Clarence Hill and Alex Sparr, Appellees.
No. BK-69.
District Court of Appeal of Florida, First District.
October 30, 1986.
*955 Joel S. Perwin, of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olyn, Miami, and William Rankin, of Kerrigan, Estess & Rankin, Pensacola, for appellant.
J. Craig Knox, of Fuller & Johnson, Tallahassee, for Freedom Sav. & Loan Ass'n and Alex Sparr, appellees.
WIGGINTON, Judge.
Appellant appeals the trial court's final judgment of dismissal of her second amended complaint against appellee for wrongful death. We affirm.
Appellant, as personal representative of the estate of Stephen Taylor, a police officer, sought damages for Taylor's wrongful death. Her complaint alleged that on October 19, 1982, two men robbed appellee Savings and Loan Association; that Taylor, in his capacity as a police officer, was dispatched to the scene of the robbery; that an officer of the Savings and Loan Association, acting within the course and scope of his employment and who knew or should have known of the likelihood of an emergency condition on the premises which would pose a threat of injury to Officer Taylor and others, negligently warned the robbers of the imminent approach of the policemen by announcing the officers' presence in such a way that it was understood by the robbers; and that as a consequence of that negligence, one of the robbers went out the back door, circled around to the front and fatally shot Officer Taylor. The trial judge granted the Savings and Loan Association's motion to dismiss the complaint on the ground that the "Fireman's Rule" prevented recovery by appellant. The judge entered a final judgment of dismissal upon appellant's representation that she could not allege additional ultimate facts upon further amendment.
As shown by this Court's opinion in Romedy v. Johnston, 193 So.2d 487 (Fla. 1st DCA 1967), the fireman's rule is favored in Florida. According to that rule, a fireman who enters upon the premises of another in the discharge of his duty occupies the status of a licensee so that the owner of the premises only owes him the duty to refrain from wanton negligence or willful misconduct which would injure him. As explained in Romedy, the fireman's rule is a policy decision designed to protect owners of property since to require an owner of premises to exercise, in regard to firemen acting in an emergency situation, the high degree of care owed to an invitee would be impractical and unreasonable. The licensee concept set forth in Romedy has been applied to policemen so *956 that they are also included within the strictures of the fireman's rule. Whitten v. Miami-Dade Water & Sewer Authority, 357 So.2d 430 (Fla. 3d DCA 1978).
Relying to a great extent upon the decisions in Whitlock v. Elich, 409 So.2d 110 (Fla. 5th DCA 1982) and Hix v. Billen, 284 So.2d 209 (Fla. 1973), appellant urges that the fireman's rule has been improperly applied in the instant case to defeat her cause of action. She urges that the fireman's rule, and thus the requirement that allegations of willful and wanton negligence be made in order to sustain a cause of action, applies only in a situation where the fireman or policeman is injured due to a defective condition of the premises; that when a plaintiff alleges any active negligence, even simple negligence, on the part of the owner of the premises or its agent, the applicability of the fireman's rule dissipates.
We decline to adopt appellant's view. Instead, we hold that the fireman's rule bars recovery in personal injury and wrongful death actions when the cause of action is based upon an injury sustained by the fireman or policeman while acting in the line of duty, unless the complaint sufficiently alleges willful misconduct or wanton negligence on the part of the defendant which would injure the licensee. The decisions in Whitten, Romedy, and Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985), support our holding and expound upon the policy reasons for it. In Rishel, at 1138, the court, through Judge Baskin, stated:
The fireman's rule, as generally framed, provides that an owner or occupant of property is not liable to a police officer or a firefighter for injuries sustained during the discharge of the duties for which the policeman or fireman was called to the property. [Citations omitted.] Contrary to appellants' assertion, the fireman's rule, as applied in Florida, is not limited to cases involving a negligent condition on the premises. This court has held that absent a showing of willful and wanton misconduct, neither a fireman nor a policeman may recover from a property owner for injuries arising out of the discharge of professional duties, even though the injuries have not occurred on the premises... .
We adhere to the view that strong public policy considerations support application of the fireman's rule to cases such as the present one. The fireman's rule permits individuals who require police or fire department assistance to summon aid without pausing to consider whether they will be held liable for consequences which, in most cases, are beyond their control. There is no question that police and firefighters work in hazardous occupations at great personal risk. [Citation omitted.] It is because these dedicated public officials are willing to assume the risks attendant to their routine duties that citizens are able to rely on their protection.
In Romedy, at 491, this Court made similar statements:
It is a matter of common knowledge that in the performance of their duties firemen are constantly exposed to dangerous and hazardous conditions. They face the risk of injury from exposure to fire, smoke, and collapsing structures. These are risks assumed by those voluntarily seeking and accepting this type of employment. The injurious effect of coming in contact with fire and smoke is exactly the same, whether the fire originates as the result of an accident or the negligent acts of the owner of the premises. It is in recognition of the public nature of the duties performed by firemen, and the dangers inherent therein, that both state and municipal pension funds are established to compensate them in the event they suffer injury or death while acting in the course of their employment. (Emphasis supplied.)
The Hix case did not involve a fireman or policeman, and the Whitlock case, relied upon so heavily by appellant, failed even to discuss the fireman's rule. Gleaning direction from the above authorities, we approve this evolutionary extension and application of the fireman's rule to situations in which policemen or firemen are injured in *957 the performance of their duties as long as willful misconduct and wanton negligence on the part of the defendant are not shown.
Appellant argues, in the alternative, that she has adequately alleged willful and wanton negligence on the part of appellee. We disagree and find that, at most, her complaint alleges only simple negligence.
Based on the above policy considerations, and in light of appellant's representation to the trial court that she is unable to allege additional ultimate facts to support her complaint, we find that the final judgment of dismissal of appellant's complaint was proper. However, recognizing some conflict between our holding and certain statements made in the Whitlock case, we certify this matter to the Supreme Court of Florida pursuant to article V, section 3(b)(4), Florida Constitution.
AFFIRMED.
ERVIN and NIMMONS, JJ., concur.