BASKIN, Judge.
After entering appellees’ yard to determine why a burglar alarm was sounding, police officer John Kilpatrick was chased by four Great Danes. Fleeing from the dogs, Kilpatrick tried to vault over a wrought-iron fence, became impaled on a spike, and sustained injuries to his calf. He sued appellees for damages, predicating their liability on section 767.01, Florida Statutes (1981),[1] and common law. Appel-lee Alfred Sklar moved for summary judgment on the ground that the fireman’s rule, which absolves a property owner of liability for injuries incurred by a police officer or firefighter during the discharge of duties for which he was called to the property, barred Kilpatrick’s recovery. Sklar also contended that his posting of a warning sign, one of the statutory defenses provided by section 767.04, Florida Statutes (1981),[2] barred Kilpatrick from recovering damages. Mrs. Alfred Sklar [Dr. Olga Ferrer] asserted, in a separate motion, that she was exonerated from statutory liability because she did not own the dogs. The trial court granted the motions, and Kilpa-trick appealed.
In his appeal, Kilpatrick asserts that the trial court erred as a matter of law in entering an adverse summary judgment because section 767.01 abrogates the fireman’s rule as a defense. He also cites the presence of material issues of fact regarding whether the sign allegedly posted on appellees’ property fulfilled the requirements of section 767.04, Florida Statutes (1981). Alternatively, Kilpatrick contends that the fireman’s rule does not apply to his case because he sustained his injuries as a result of circumstances unrelated to his reason for being on the property. We agree that genuine issues of fact exist and reverse the summary judgment in favor of Sklar; we affirm, however, as to Dr. Ferrer.
Chapter 767 renders dog owners strictly liable for damages or injuries to persons caused by their dogs. §§ 767.01, 767.04. The Florida supreme court has consistently ruled that section 767.04 supersedes the common law and, therefore, abrogates common-law defenses in situations covered by the statute. Noble v. Yorke, 490 So.2d 29 (Fla.1986); Belcher Yacht, Inc. v. Stickney, 450 So.2d 1111 (Fla.1984); Donner v. Arkwright-Boston Manufacturers Mutual Insurance Co., 358 So.2d 21 (Fla.1978); Carroll v. Moxley, 241 So.2d 681 (Fla.1970). Thus, a dog owner may no longer assert the fireman’s rule as a defense against recovery by a police officer who enters on private property “in the performance of any duty imposed upon him by the laws of this state_” § 767.04. In Rattet v. Dual Security Systems, Inc., 373 So.2d 948 (Fla. 3d DCA 1979), cause dismissed, 447 So.2d 887 (Fla.1984), this court held that the defenses available in section 767.04 are also applicable to causes of action accruing under section 767.01. Ac *1291 cordingly, in light of the interrelationship of the two statutes, and the case law interpreting section 767.04, we hold that the fireman’s rule does not protect a dog owner in a lawsuit for damages under section 767.01.
Because the fireman’s rule is not a defense under sections 767.01 or 767.04, appellees may avoid liability in this case only if they prove one of the statutory defenses in section 767.04 or if they do not own the dogs. The record reveals genuine factual issues as to whether Alfred Sklar established the statutory defense by posting an easily readable “bad dog” sign in a prominent place. See Carroll; Kaiser v. Baley, 474 So.2d 906 (Fla. 5th DCA 1985); cf Noble (statutory defense does not apply where dog owner affirmatively directs invitee to ignore warning sign); Belcher Yacht (business invitee could not recover from dog owner where invitee saw and understood sign); Rattet (evidence showed sign had been posted for substantial period of time even though witnesses testified they did not notice sign on date of incident). We therefore reverse the summary judgment as to Alfred Sklar and remand the cause for further proceedings.
As to Dr. Ferrer, however, the record demonstrates that she did not own the Great Danes and thus is not subject to liability pursuant to section 767.01. See Belcher Yacht; Flick v. Malino, 356 So.2d 904 (Fla. 1st DCA 1978); Smith v. Allison, 332 So.2d 631 (Fla. 3d DCA 1976); Christie v. Anchorage Yacht Haven, Inc., 287 So.2d 359 (Fla. 4th DCA 1973). Furthermore, because Dr. Ferrer is not within the purview of Chapter 767, the fireman’s rule applies and precludes Kilpatrick’s action against her. See Smith v. Markowitz, 486 So.2d 11 (Fla. 3d DCA 1986); Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985); Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), review denied, 447 So.2d 887 (Fla.1984); Whitten v. Miami-Dade Water & Sewer Authority, 357 So.2d 430 (Fla. 3d DCA), cert. denied, 364 So.2d 894 (Fla.1978); see generally W. Prosser & W. Keeton, Torts § 61 (5th ed. 1984). We therefore affirm that portion of the summary judgment exonerating Dr. Ferrer.
We find no merit in the other points.
Affirmed in part; reversed in part; remanded with directions.

. Section 767.01, Florida Statutes (1981), provides:
Owners responsible. — Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons.

. Section 767.04, Florida Statutes (1981), provides:
Liability of owners. — The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damage as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners’ knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog.”