548 So.2d 221 (1989)
Suzanne Taylor SANDERSON, Petitioner,
v.
FREEDOM SAVINGS & LOAN ASSOCIATION, Respondent.
No. 69687.
Supreme Court of Florida.
July 27, 1989.
Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Kerrigan, Estess & Rankin, Pensacola, for petitioner.
*222 Gordon D. Cherr of Karl, McConnaughhay, Roland & Maida, P.A., Tallahassee, for respondent.
Herman J. Russomanno and Sally R. Doerner of Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, amicus curiae for The Academy of Florida Trial Lawyers.
Robert D. Peltz of Rossman, Baumberger & Pletz, P.A., Miami, amicus curiae for The Florida Police Benevolent Ass'n, Inc.
PER CURIAM.
We have for review Sanderson v. Freedom Savings & Loan Association, 496 So.2d 954 (Fla. 1st DCA 1986), in which the First District Court of Appeal certified its decision as in direct conflict with the Fifth District Court of Appeal's decision in Whitlock v. Elich, 409 So.2d 110 (Fla. 5th DCA 1982). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner Sanderson, as personal representative of the estate of Stephen Taylor, a police officer, sought damages for Taylor's wrongful death. Officer Taylor was killed during an October 19, 1982 robbery of respondent Freedom Savings and Loan Association. As alleged in the complaint, two men were in the process of robbing the savings and loan when Officer Taylor was dispatched to the scene in response to a silent alarm. The complaint alleges that an officer of the savings and loan negligently warned the robbers of the imminent approach of the policy by announcing the officers' presence in such a way that it was understood by the robbers. Once aware of the officers' presence, one of the robbers went out the back door, circled around to the front and fatally shot Officer Taylor. The trial court granted Freedom Savings and Loan's motion to dismiss the complaint on he ground that the "Fireman's Rule" barred recovery.
On appeal, the district court refused to adopt Sanderson's position that the Fireman's Rule, requiring allegations of willful misconduct or wanton negligence, applies only in a situation where a fireman or policeman is injured due to a defective condition of the premises and not when the injury is due to the active negligence of the owner of the premises or its agent. The district court affirmed the dismissal, holding that
the fireman's rule bars recovery in personal injury and wrongful death actions when the cause of action is based upon an injury sustained by the fireman or policeman while acting in the line of duty, unless the complaint sufficiently alleges willful misconduct or wanton negligence on the part of the defendant which would injure the licensee.
496 So.2d at 956.
The district court recognized conflict with the Fifth District's holding in Whitlock. The Whitlock court held that a police officer need not allege wanton negligence or willful misconduct on the part of a defendant where the injury sustained was the result of active conduct of the putative tortfeasor rather than by a defective condition of the landowner's premises. 409 So.2d at 111.
The position taken by the court below is consistent with our recent opinion in Kilpatrick v. Sklar, 548 So.2d 215 (Fla. 1989). In rejecting Sanderson's contention that the Fireman's Rule only applies when an injury results from a defective condition of the premises, the court below relied on the reasoning of the Third District Court of Appeal in Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985). In Kilpatrick, we quoted approvingly the Rishel court's conclusion that
"the fireman's rule, as applied in Florida, is not limited to cases involving a negligent condition on the premises... . [A]bsent a showing of willful and wanton misconduct, neither a fireman nor a policeman may recover from a property owner for injuries arising out of the discharge of professional duties...."
Op. at 217 (quoting Rishel, 466 So.2d at 1138).
Since Sanderson failed to allege wanton or willful misconduct on the part of the respondent, the action was properly dismissed. Accordingly, the decision below is approved and the decision in Whitlock is *223 disapproved to the extent it is inconsistent with this opinion and our opinion in Kilpatrick.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., dissents with an opinion.
EHRLICH, Chief Justice, dissenting.
The arguments advanced in this case illustrate the confusion which arises from framing the Fireman's Rule in terms of premises liability. See Kilpatrick v. Sklar, 548 So.2d 215 (Fla. 1989) (Ehrlich, C.J., concurring in part and dissenting in part). The majority in this case bases its decision on this Court's recent opinion in Kilpatrick. Although the majority in Kilpatrick approved the conclusion that "`the fireman's rule, as applied in Florida, is not limited to cases involving a negligent condition on the premises,'" op. at 217 (quoting Rishel v. Eastern Airlines, Inc., 466 So.2d 1136, 1138 (Fla. 3rd DCA 1985)), the majority in that case continues to classify a fireman or policeman as a "licensee" to whom
"`the sole duty owed by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant to be dangerous, if such danger is not open to ordinary observation by the licensee.'"
Kilpatrick, op. at 216 (quoting P.J's of Daytona v. Sorenson, 520 So.2d 613, 614 (Fla. 5th DCA 1987), review denied, 529 So.2d 695 (Fla. 1988)). As I noted in Kilpatrick, I would not frame the Fireman's Rule in terms of premises liability.
This case also illustrates the broad application of the rule as set forth by the Rishel court and approved by this Court. Kilpatrick, op. at 217 ("`an owner or occupant of property is not liable to a police officer or a firefighter for injuries sustained during the discharge of the duties for which the policeman or fireman was called to the property.'" (quoting Rishel, 466 So.2d at 1138)). I agree with the Supreme Court of Minnesota in Kaiser v. Northern States Power Co., 353 N.W.2d 899, 905 (Minn. 1984), that the Fireman's Rule should not shield from liability one whose misconduct at the scene materially enhances the risk or creates a new risk of harm and causes injury to a firefighter or police officer. As I noted in Kilpatrick, a landowner or his agent should not be held liable for injuries to a fireman or policeman which may be reasonably anticipated to result in connection with the very risk which required the fireman's or policeman's presence. However, a landowner should owe a firefighter or police officer a duty to exercise reasonable care to avoid imperiling him by active conduct occurring subsequent to the fireman's or officer's arrival.
In this case, Officer Taylor reasonably could have anticipated that he might be shot by the robbers at the scene of the robbery. However, the defendant's alleged negligent warning of the officers' arrival could be found either to have materially enhanced the risk of harm which reasonably could be anticipated or to have created a new risk of harm. I would remand for such a determination.