548 So.2d 215 (1989)
John KILPATRICK, Petitioner/Respondent,
v.
Alfred SKLAR, et al., Respondents/Petitioners.
Nos. 69890, 69892.
Supreme Court of Florida.
July 27, 1989.
Rehearing Denied September 25, 1989.
John E. Shields of John E. Shields, P.A., Bay Harbor Islands, and Dennis G. King, P.A., Miami, for petitioner/respondent.
Steven B. Sundook of Ponzoli & Wassenberg, P.A., Miami, and Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for respondents/petitioners.
Herman J. Russomanno and Sally R. Doerner of Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, amicus curiae for The Academy of Florida Trial Lawyers.
OVERTON, Justice.
The petitioner John Kilpatrick and the respondents Alfred Sklar and United States Fidelity and Guaranty Company have petitioned this Court to review the decision of the Third District Court of Appeal in Kilpatrick v. Sklar, 497 So.2d 1289 (Fla. 3d DCA 1986), and each acknowledges conflict with Sanderson v. Freedom Savings and Loan Association, 496 So.2d 954 (Fla. 1st DCA 1986). Sanderson is before this Court on the same issue based upon certified conflict with Whitlock v. Elich, 409 So.2d 110 (Fla. 5th DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This case concerns application of the Fireman's Rule both as a defense for a dog owner regarding a claim for injuries under section 767.01, Florida Statutes (1981), and as a defense for the owner of the premises *216 where dogs are located but who does not own the dogs. We agree with the district court that the Fireman's Rule, as a common law defense, does not apply to claims under sections 767.01 and 767.04, Florida Statutes (1981). We also agree that the Fireman's Rule does apply as a defense to common law negligence claims.
The facts reflect that John Kilpatrick, a police officer on a regular nighttime patrol, heard the burglar alarm sounding at the residence of Alfred Sklar and Dr. Olga Ferrer (also known as Mrs. Alfred Sklar), his wife. Their residence is surrounded by a low concrete wall in the front and by a wrought iron spiked fence in the rear. The rear yard is separated from the front by a fence at each side of the house, and entry to the rear is gained through side gates. Kilpatrick, not wanting to alert a possible burglar by walking through the front gate, went to the back of the residence and climbed over the top of the wrought iron spiked fence. Mr. Sklar's four Great Danes ran barking toward Kilpatrick as he was creeping through the yard in the dark. Kilpatrick ran back to the fence and, while climbing over the top, caught his trousers and impaled himself in the calf on one of the spikes.
Officer Kilpatrick brought his claim against Mr. Sklar and Dr. Ferrer on two counts: first, under section 767.01, asserting the statute renders dog owners strictly liable for any injury or damage caused by their dog; second, under a theory of common law negligence, alleging that because the Great Danes were improperly trained and not confined in any way, and because of their size and the amount of foliage on the property, they constituted a latent hazard; that the couple failed to maintain their burglar alarm which they knew was not functioning properly; and finally, that the acts of the owners constituted wanton and willful misconduct.
This case does not involve a dog-bite incident; rather, Kilpatrick was injured while fleeing from the dogs and by climbing over the fence to get out of the backyard. It is undisputed that the dogs were owned by Alfred Sklar individually and Dr. Olga Ferrer had no ownership interest in the animals.
The district court, in considering the claim under section 767.01, held the defenses available in section 767.04 are also applicable to causes of action accruing under 767.01. Its opinion recognized our prior holdings that chapter 767 "supersedes the common law and, therefore, abrogates common-law defenses in situations covered by the statute." 497 So.2d at 1290. The district court reversed the summary judgment as to Alfred Sklar and remanded Kilpatrick's claim for a determination of whether any statutory defenses apply. With regard to the claim against Dr. Ferrer, the district court held that, since she did not own the dogs, a claim could not be sustained against her under chapter 767 and the Fireman's Rule applied to preclude the officer's common law action against her.

The Fireman's Rule
The Fireman's Rule is generally approved by the majority of jurisdictions in this country and has been expressed in this state in the following terms:
"Once upon the premises, the fireman or policeman has the legal status of a licensee and the sole duty owed by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant to be dangerous, if such danger is not open to ordinary observation by the licensee."
P.J.'s of Daytona, Inc. v. Sorenson, 520 So.2d 613, 614 (Fla. 5th DCA 1987), review denied, 529 So.2d 695 (Fla. 1988); see also Preferred Risk Mutual Ins. Co. v. Saboda, 489 So.2d 768 (Fla. 5th DCA), review denied, 501 So.2d 1283 (Fla. 1986); Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), review denied, 447 So.2d 887 (Fla. 1984). This court, many years ago in Fred Howland, Inc. v. Morris, 143 Fla. 189, 196 So. 472 (1940), in dicta approved the Fireman's Rule in distinguishing a building inspector from a policeman or fireman. We stated:
Defendant cites many cases dealing with firemen and policemen, where the courts *217 have almost uniformly held that such officers are licensees. The theory  and it is a correct one  upon which such holdings are based is that of overwhelming necessity, and no duty rests upon the property owner to protect such licensees from injury.
Id. at 199; 196 So. at 476. In Romedy v. Johnston, 193 So.2d 487 (Fla. 1st DCA 1967), the district court, while recognizing that the above statement in Howland was dicta, determined it was in accordance with the common law and majority view in the country and should be followed. The rule has now been fully implemented by the district courts of appeal as the law of this state. Sanderson v. Freedom Savings and Loan Ass'n, 496 So.2d 954 (Fla. 1st DCA 1986); Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985); Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), review denied, 447 So.2d 887 (Fla. 1984); Wilson v. Florida Processing Co., 368 So.2d 609 (Fla. 3d DCA 1979); Whitten v. Miami-Dade Water and Sewer Authority, 357 So.2d 430 (Fla. 3d DCA), cert. denied, 364 So.2d 894 (Fla. 1978); Hall v. Holton, 330 So.2d 81 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 948 (Fla. 1977); Adair v. Island Club, 225 So.2d 541 (Fla. 2d DCA 1969).
One of the principal justifications for the rule is stated by Prosser and Keaton as follows:
Perhaps the most legitimate basis for the distinction lies in the fact that fireman and policemen are likely to enter at unforeseeable times, upon unusual parts of the premises, and under circumstances of emergency, where care in looking after the premises, and in preparation for the visit, cannot reasonably be looked for. A person who climbs through a basement window in search of a fire or a thief does not expect any assurance that he will not find a bulldog in the cellar, and he is trained to be on guard for any such general dangers inherent in the profession.
Prosser and Keaton on Torts, 431-32 (5th ed. 1984).
In Romedy v. Johnston, 193 So.2d 487 (Fla. 1st DCA 1967), Judge Wigginton, speaking for the court, expressly recognized that
if the owner has knowledge of pitfalls, booby traps, latent hazards, or other similar dangers, then a failure to warn such licensee could under proper circumstances amount to wanton negligence, but there must be knowledge of the danger by the owner combined with knowledge that the licensee is about to be confronted with the danger.
Id. at 490 (footnote omitted).
The rule was further clarified by Judge Baskin in Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985), where she stated:
The fireman's rule, as generally framed, provides that an owner or occupant of property is not liable to a police officer or a firefighter for injuries sustained during the discharge of the duties for which the policeman or fireman was called to the property. Contrary to appellants' assertion, the fireman's rule, as applied in Florida, is not limited to cases involving a negligent condition on the premises. This court has held that absent a showing of willful and wanton misconduct, neither a fireman nor a policeman may recover from a property owner for injuries arising out of the discharge of professional duties... .
... .
We adhere to the view that strong public policy considerations support application of the fireman's rule to cases such as the present one. The fireman's rule permits individuals who require police or fire department assistance to summon aid without pausing to consider whether they will be held liable for consequences which, in most cases, are beyond their control. There is no question that police and firefighters work in hazardous occupations at great personal risk. It is because these dedicated public officials are willing to assume the risks attendant to their routine duties that citizens are able to rely on their protection.
*218 Id. at 1138 (citations and emphasis omitted). We note that, because of the dangers inherent in duties performed by both policemen and firemen, special funds and programs have been established to compensate them in the event they suffer injury or death while acting in the course of their employment. See, e.g., §§ 175.021, 185.01, 321.15, 440.091, Fla. Stat. (1987). We find no reasonable justification to change this principle that has become well established in this state. The reasons justifying its existence are still viable.

The Instant Case
In this case, Alfred Sklar asserts he is entitled to the Fireman's Rule defense in the claim against him under section 767.01, as the owner of the four Great Danes. He bases his argument in part on the holding of the First District Court of Appeal in Sanderson that the Fireman's Rule applies as a defense in all personal injury cases. This is a reasonable construction of the principle set forth in Sanderson, but we find that it does not apply to this personal injury case. We find that the broad statement of principle in Sanderson that the Fireman's Rule applies to all personal injury actions was not properly limited because that court was considering personal injuries which did not involve a statutory cause of action. We agree with the Third District Court of Appeal in the instant case that there are no common law defenses to the statutory cause of action based on sections 767.01 and 767.04, Florida Statutes (1981). In Belcher Yacht, Inc. v. Stickney, 450 So.2d 1111 (Fla. 1984), we rejected the plaintiff's assertion that he could bring a common law negligence action because his statutory claim was supplemental to the rights he already enjoyed to bring the common law action. The majority of this Court determined that the statutory claim superseded any common law causes of action. We find the same principle and reasoning applies to common law defenses. We also agree with the Third District that only those defenses provided by statute under section 767.04 apply. We also agree that those defenses apply to a claim under section 767.01. See Rattet v. Dual Security Systems, Inc., 373 So.2d 948 (Fla. 3d DCA 1979), cause dismissed, 447 So.2d 887 (Fla. 1984).
On the second issue in this case, we find the district court of appeal properly determined that Dr. Olga Ferrer, who had no ownership interest in the dogs, is entitled to the Fireman's Rule defense under the circumstances of this case. Even without the Fireman's Rule, we have difficulty accepting the allegations that there was negligence by Dr. Olga Ferrer in allowing the placing of the dogs in a fenced-in backyard and the setting of a burglar alarm that subsequently malfunctioned. Frankly, we are unable to comprehend how four Great Danes in a fenced-in backyard are a "latent defect."
For the reasons expressed, we approve the decision of the district court of appeal.
It is so ordered.
McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., concurs in part and dissents in part with an opinion.
EHRLICH, Chief Justice, concurring in part and dissenting in part.
I agree with the majority that the Fireman's Rule, however defined, is not a defense to actions brought under sections 767.01 and 767.04, Florida Statutes (1981). I also agree with the majority that the Fireman's Rule may serve as a defense to common law negligence claims such as the one brought against Dr. Ferrer. However, I do not believe that the Fireman's Rule as adopted in Florida should be based on concepts of premises liability.
I would follow the lead of other jurisdictions, such as Kansas and Maryland,[1] which have expressly based the rule on *219 public policy and thereby have attempted to rid the rule of much of the confusion attendant to a rule framed in terms of premises law. I also believe that the majority's approval of the Fireman's Rule as set forth in Rishel v. Eastern Airlines, Inc., 466 So.2d 1136, 1138 (Fla. 3d DCA 1985) ("an owner or occupant of property is not liable to a police officer or a fire-fighter for injuries sustained during the discharge of the duties for which the policeman or fireman was called to the property"), paves the way for an overly broad application of the rule. Such a rule will require a fireman or police officer to assume every possible risk he may encounter while engaged in his occupation.
I believe a more finely tailored rule which would bar recovery for injuries caused by the very risk that initially required the fireman's or policeman's presence should be adopted. Under such a rule, recovery would not be barred where the defendant fails to warn the fireman or policeman of preexisting hidden dangers where there was knowledge of the danger and an opportunity to warn. Likewise, recovery would not be barred for acts of negligence which occur subsequent to the fireman's or officer's arrival on the scene and either materially enhance the risk of harm or create a risk of harm different than that to which the plaintiff was responding. See Lipson v. Superior Court, 31 Cal.3d 362, 182 Cal. Rptr. 629, 644 P.2d 822 (1982).
NOTES
[1] Calvert v. Garvey Elevators, Inc., 236 Kan. 570, 694 P.2d 433, 439 (1985) ("The Fireman's Rule in Kansas is not to be based upon `premises law,' or categorizing fire fighters as mere licensees when performing their duties, but upon public policy."); Flowers v. Rock Creek Terrace Ltd. Partnership, 308 Md. 432, 520 A.2d 361, 368 (1987) ("[F]ireman's rule is best explained by public policy.").