581 So.2d 130 (1991)
James LANZA, et Ux., Petitioners,
v.
Gary Paul POLANIN, Respondent.
No. 75579.
Supreme Court of Florida.
May 30, 1991.
*131 Donald S. Hershman of Hershman & Roth, Boca Raton, for petitioners.
Nancy P. Maxwell and Jennifer S. Carroll of Metzger, Sonneborn & Rutter, P.A., West Palm Beach, for respondent.
McDONALD, Judge.
We review Lanza v. Polanin, 556 So.2d 510, 512-13 (Fla. 4th DCA 1990), in which the district court certified the following question to be of great public importance:
IF A VEHICLE IS INVOLVED IN A TRAFFIC ACCIDENT, IS A PASSENGER IN THAT VEHICLE ENTITLED TO THE PROTECTION OF THE FIREMAN'S RULE IF HE NEGLIGENTLY INJURES THE POLICEMAN WHILE RESISTING ARREST?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative and quash the district court's decision.
Police officer Lanza was dispatched to an automobile accident scene involving two vehicles. While questioning one of the drivers, Polanin, a passenger in that car, shouted obscenities at Lanza, repeatedly interrupted, and told the driver not to answer Lanza's questions. After several warnings to stop interfering with the investigation, Lanza arrested Polanin. When Lanza attempted to place Polanin inside the police car, a strugge ensued and Lanza was injured. Lanza later sued Polanin for negligently inflicting his injuries. Polanin asserted the "fireman's rule" as a defense, and the trial court granted summary judgment in Polanin's favor. The district court affirmed, holding that Polanin's actions were sufficiently related to the purpose of Lanza's presence at the scene to invoke the fireman's rule and that, because Lanza did not allege willful misconduct, the fireman's rule barred his claim. The district court, however, expressed its unhappiness with this result and certified the aforementioned question to this Court.[1]
The fireman's rule has evolved in actions by fire fighters and police officers against owners or occupiers of premises. Courts of this state have expressed the fireman's rule as follows:
Once upon the premises, the fireman or policeman has a legal status of a licensee and the sole duty owed him by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant to be dangerous, if such danger is not open to ordinary observation by the licensee.
Whitten v. Miami-Dade Water & Sewer Authority, 357 So.2d 430, 432 (Fla. 3d *132 DCA), cert. denied, 364 So.2d 894 (Fla. 1978); accord Adair v. Island Club, 225 So.2d 541 (Fla. 2d DCA 1969); see Fred Howland, Inc. v. Morris, 143 Fla. 189, 196 So. 472 (1940). The fireman's rule is based on public policy to permit "individuals who require police or fire department assistance to summon aid without pausing to consider whether they will be held liable for consequences which, in most cases, are beyond their control." Kilpatrick v. Sklar, 548 So.2d 215, 217 (Fla. 1989) (citing Rishel v. Eastern Airlines, Inc., 466 So.2d 1136, 1138 (Fla. 3d DCA 1985)).
In Kilpatrick we explained the principal justification for the fireman's rule by relying on Prosser and Keaton on Torts 431-32 (5th ed. 1984) which states:
Perhaps the most legitimate basis for the distinction lies in the fact that firemen and policemen are likely to enter at unforeseeable times, upon unusual parts of the premises, and under circumstances of emergency, where care in looking after the premises, and in preparation for the visit, cannot reasonably be looked for. A person who climbs in through a basement window in search of a fire or a thief does not expect any assurance that he will not find a bulldog in the cellar, and he is trained to be on guard for any such general dangers inherent in the profession.
(Footnote omitted.) Kilpatrick involved a police officer's claim against the owners of a premises at which the officer, investigating the sounding of a burglar alarm, injured himself while escaping from dogs chasing him in the backyard. There, we applied the fireman's rule to bar the officer's complaint.[2]
This Court again addressed the application of the fireman's rule in Sanderson v. Freedom Savings & Loan Association, 548 So.2d 221 (Fla. 1989). In that case, we applied the fireman's rule to bar a wrongful death action by a police officer's estate against an agent of Freedom Savings and Loan. A bank robber shot and killed the officer, and his estate claimed that the agent's negligent action enhanced the danger to the officer after he entered the premises. In applying the rule we declined to make a distinction between a putative tortfeasor's active conduct and a defective condition of the landowner's premises, relying on Kilpatrick and cases cited therein, but we emphasized that the action was against the owner of the premises.
Several district courts have extended application of the fireman's rule to bar negligence claims in situations where the fire fighter or police officer, responding to a call for emergency assistance, was injured while not actually on the premises. E.g., Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983) (fireman's rule barred claim by the estate of a fire fighter killed as the result of an explosion on the premises, even though he was not on the premises), review denied, 447 So.2d 887 (Fla. 1984); Wilson v. Florida Processing Co., 368 So.2d 609 (Fla. 3d DCA 1979) (fireman's rule barred claim by police officer for injuries incurred by inhaling noxious fumes emanating from premises, even though he was not on the premises); Whitten (same); see Lanza. Relying on these cases, Polanin argues that the fireman's rule should be applied whenever police officers are negligently injured while discharging their duties.
Polanin is not a member of the class of individuals the fireman's rule is designed to protect. The policy behind the fireman's rule is to encourage an individual, particularly a landowner, who requires professional assistance to summon police officers or fire fighters by limiting the circumstances under which the individual may be liable for injuries the professionals suffer. The rule simply has no application to claims against interfering third-party tortfeasors that negligently injure fire fighters or police officers while they are performing their duties. Polanin did not summon the police, was not injured, and *133 did not seek the police's protection or assistance. To the contrary, Polanin "spurned assistance and advocated resistance." Lanza, 556 So.2d at 512. No public policy would be advanced by applying the fireman's rule to this factual situation, and we decline to do so.
We therefore answer the certified question in the negative, quash the district court's decision, and remand for further proceedings in accordance with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] At the outset, we note that the legislature has enacted § 112.182, Fla. Stat. (Supp. 1990), which effectively abolishes the fireman's rule by changing the status of a fire fighter or law enforcement officer lawfully on the premises of another from licensee to invitee. The events leading to this lawsuit, however, preceded the effective date of that enactment. We find no basis to apply retroactively this newly enacted statute and, therefore, determine that it has no application to this case. Cf. Adelsperger v. Riverboat, Inc., 573 So.2d 80 (Fla. 2d DCA 1990) (refusing to apply retroactively statute abolishing the fireman's rule).
[2] To be more exact, Kilpatrick v. Sklar, 548 So.2d 215 (Fla. 1989), held the fireman's rule applied to bar the police officer's claim against only one of the two landowners. For reasons not pertinent to our discussion in the case at bar, the fireman's rule did not bar the officer's claim against the owner of the dogs.