[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT
In these consolidated cases, the plaintiffs are police officers who allege that the were injured by the defendant as he attempted to interfere with them as they were arresting his father. The defendant has moved for summary judgment, claiming that the firefighter's rule as articulated in Furstein v. Hill,218 Conn. 610 (1991), precludes recovery by the plaintiffs and entitles the defendant to judgment as a matter of law.
The following facts are pertinent to the resolution of this motion:
During the early morning hours of January 15, 1991, the defendant was a passenger in an automobile driven by his father, Konstantyn Kobuta, when the car was the subject of a motor CT Page 407 vehicle stop involving the two plaintiffs. The plaintiffs allege the defendant attempted to interfere, causing them to have to restrain him, and that during the resultant struggle, both officers were injured as a result of the defendant's negligence.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries. Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226. 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12;Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries. Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
(1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha vWaterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quoting CT Page 408 Boyce v Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D. Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may no rest upon mere allegation or denial but must set forth specific facts showing that there a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256,10 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
The issue central to the resolution of this case is whether the "firefighters rule", as extended to police officers inFurstein v. Hill, 218 Conn. 610 (1991) precludes recovery by the plaintiffs as a matter of law. "The courts have stated the rule in such a variety of ways that it is not possible to formulate a single definitive statement of it. Thus, in many states there may be substantial uncertainty as to whether an injured peace officer may recover damages in particular circumstances, either because it is unclear which version of the fireman's rule the state courts will apply, or because the courts may change the way in which they apply the rule." Fireman's Rule-Peace Officers", 25 ALR5th 97, 104. Indeed, a review of cases from around the nation reveal differing approaches to the precise issue raised by this case.[1]
Our Supreme Court first addressed the status of a public officer injured on private property in the course of his duties in Roberts v. Rosenblatt, 146 Conn. 110, 148 A.2d 142 (1959). The Court there held that the plaintiff, a firefighter who had been injure in a fall on an icy sidewalk while present on the premises "in the performance of a public duty under a permission created by law," occupied a status "akin to that of a licensee, to whom the owners of such premises owed "no greater duty than that due a licensee. Id., 113. Roberts adopted the principle expressed in the Restatement (Second) of Torts, 345(1), that "the liability of a possessor of land to one who enters the land only in the exercise of a privilege, for either a public or a private purpose, and irrespective of the possessor's consent, is the same as the liability to a licensee." 2 Restatement (Second), Torts (1965) 345(1), pp. 226-27. Recognizing that different jurisdictions viewed this doctrine differently, the Court noted that the approach it was adopting was "a form of the common law doctrine known as the "firefighter's rule." See Mignone v.Fieldcrest Mills, 556 A.2d 35, 37 n. 1 (R.I. 1989). CT Page 409
As was the case in Roberts, and as was made even more clear in Furstein, supra, Connecticut's version of the firefighter's rule, which has taken into account the approaches taken by other jurisdictions, has focussed on police and fire personnel who enter onto private property to perform their duties. "The most compelling argument for the continuing validity of the rule is the recognition that . . . police officers often enter property at unforeseeable times and may enter unusual parts of the premises under emergency circumstances. Kreski v. ModernWholesale Electric Supply Co., [429 Mich. 347, 368, 415 N.W.2d 178
(1987) Nared v. School District of Omaha, 191 Neb. 376. 379-80,215 N.W.2d 115 (1974); 2 Restatement (Second), Torts (1965) 345(1), comment (c), p. 228. Such public officers enter the land regardless of the owner's consent; indeed. if the conditions for the exercise of their public duty exist, the owner would not be privileged to exclude them. Shypulski v. Waldorf Paper ProductsCo., 232 Minn. 394 396, 45 N.W.2d 549 (1951); Scheurer v.Trustees of the Open Bible Church, 175 Ohio St. 163, 168,192 N.E.2d 38 (1963); 5 F. Harper, F. James O. Gray, The Law of Torts (2d Ed. 1986) 27.14, p. 260." Furstein v. Hill, supra at 616-17.
"Recognizing that only invitees may rely on an implied representation of safety, courts have considered it unreasonable to require landowners to undertake the same standard of care for public officers whose presence the landowners can neither predict no interdict. `There would be an obvious hardship in holding otherwise, because landowners would then be under compulsion to keep all parts of their premises in a condition perhaps uncalled for by the normal use to which the premises are devoted.'Shypulski v. Waldorf Paper Products Co., supra, 397; see also 2 Restatement (Second), Torts (1965) 345(1) comment (c), p. 228."Furstein v. Hill, supra, 617.
The Furstein court carefully analyzed the development of the rule, emphasizing it relationship to private property. "The firefighter's rule has well developed roots in the common law. Although the rule had its origins in a social system in which "the landowner was sovereign within his own boundaries" and owed a licensee only the duty not to injure him wilfully or wantonly;Dini v. Naiditch, 20 Ill.2d 406, 413, 170 N.E.2d 881, (1960); the jurisdictions that have applied the rule in recent years have offered more cogent reasons to justify its continued viability. CT Page 410
The most compelling argument for the continuing validity of the rule is the recognition that firefighters and police officers often enter property at unforeseeable time and may enter unusual parts of the premises under emergency circumstances. Kreski v.Modern Wholesale Electric Supply Co., supra, 368; Nared v. SchoolDistrict of Omaha, 191 Neb. 376, 379-80, 215 N.W.2d 115 (1974); 2 Restatement (Second), Torts (1965) 345(1), comment (c), p. 228. Such public officers enter the land regardless of the owner's consent; indeed, if the conditions for the exercise of their public duty exist, the owner would not be privileged to exclude them. Shypulski v. Waldorf Paper Products Co., 232 Minn. 394,396, 45 N.W.2d 549 (1951); Scheurer v. Trustees of the Open BibleChurch, 175 Ohio St. 163, 168, 192 N.E.2d 38 (1963); 5 F. Harper, F. James O. Gray, The Law of Torts (2d Ed. 1986) 27.14, p. 260. Recognizing that only invitee may rely on an implied representation of safety, courts have considered it unreasonable to require landowners to undertake the same standard of care for public officers whose presence the landowners can neither predict nor interdict. (footnote omitted) "There would be an obvious hardship in holding otherwise, because landowners would then be under compulsion to keep all parts of their premises in a condition perhaps uncalled for by the normal use to which the premises are devoted." Shypulski v. Waldorf Paper Products Co., supra, 397; see also 2 Restatement (Second), Torts (1965) 345 (1). comment (c), p. 228. Furstein, supra, 616-617.
Although the court in Furstein went on to recognize that some jurisdictions have justified the firefighters' rule as "as a variant of the doctrine of "assumption of the risk" see Krauth v.Geller, 31 N.J. 270, 273-74, 157 A.2d 129 (1960);" or that firefighters and police officers voluntarily choose to enter their professions knowing that they will often confront physically perilous situations created by the negligence of the public they serve, See Winn v. Frasher, 116 Idaho 500, 503,777 P.2d 722 (1989)", and have also made mention of the existence of workers' compensation benefits to compensate for such injuries, it is still fundamental that the rule as adopted in Connecticut focuses on the actions of such officers when their duties take them upon private property.
"In summary, both police officers and firefighters have a permission created by law to enter upon private property for an appropriate public purpose, even without the consent of the owner; both are hired and trained to confront hazards in the execution of their duties; and both are entitled to enhanced CT Page 411 workers' compensation benefits for injuries that occur in the line of duty. We conclude, for these reasons, that the firefighter's rule adopted by this court in Roberts v.Rosenblatt, supra, applies to police officers who are injured bydefective conditions on private property while the officers arepresent upon such property in the performance of their duties."Furstein, supra at 620. (Emphasis added.)
No appellate level court in Connecticut has extended the rule to situations such a that presented by the instant cases. The defendant cites one trial court decision that arguably comes close, Bochicchio v. Strekas, CV 95 0069261, judicial district of Litchfield (January 2, 1996, Pickett, J.) in which one co-defendant, Edwin Strekas allegedly interfered with and injured the investigating police officer when he responded to a domestic complaint made by another member of his family, Elizabeth Strekas, also a defendant. Although this case makes oblique reference to the firefighters' rule, it does not stand for the propositions advocated by the defendants here. Moreover, because it involves allegations of injuries by the plaintiff police officer while performing his duties upon private property, it is well within the ambit of the rule as propounded by our Supreme Court and does not suggest that the rule should in any way be extended to situations where an officer makes a vehicle stop on a public highway and is subsequently injured.
To be sure, there are jurisdictions which appear to have extended the rule to situations where a police officer is injured while performing his duties other than upon private property. See, e.g. Woods v. Warren, 482 N.W.2d 696 (Mich. 1992); Lambertv. Schaefer, 839 S.W.2d 27 (Mo.App. 1992); Akerley v. HartfordInsurance Group, 616 A.2d 511 (N.H. 1992). In the case factually most like this one, however, the Supreme Court of Florida declined to extend the rule's protection to a passenger in a vehicle involved in a traffic accident who negligently injured a police officer while resisting arrest. Lanza v. Polanin,581 So.2d 130 (Fla. 1991). The Florida court noted that its rule "has evolved in actions by fire fighters and police officers against owners and occupiers of premises . . . [and] . . . is based upon public policy to permit individuals who require police or fire department assistance to summon aid without pausing to consider whether they will be held accountable for consequences which, in most cases, are beyond their control".(Internal quotations omitted). Id. 131-132. The court concluded that "[t]he rule simply has no application to claims against interfering third-party CT Page 412 tort-feasors that negligently injure fire fighters or police officers while they are performing their duties' Id., and this court agrees.
The defendants' motions for summary judgment are therefore denied.
Jonathan E. Silbert, Judge